712 So.2d 247 (1998)
Walter L. MAGGARD, Sr.
v.
BOH BROTHERS CONSTRUCTION COMPANY.
No. 97-CA-1177.
Court of Appeal of Louisiana, Fifth Circuit.
April 15, 1998.
Richard S. Vale, Metairie, for Defendant/Appellant.
Daniel J. Dazet, Robert A. Lenter, The Worker's Compensation Legal Clinic of Louisiana, Metairie, for Claimant/Appellee.
*248 Thomas P. Anzelmo, Catherine M. Williams, Metairie, for Intervenor/Appellee.
Before GRISBAUM, DUFRESNE, and GOTHARD, JJ.
GOTHARD, Judge.
Appellant, Boh Brothers Construction Co. Inc. (Boh Brothers), appeals a judgment of the worker's compensation court in favor of appellee, Walter Maggard (Maggard). For the following reasons, we affirm.
Maggard filed a claim for worker's compensation benefits on May 28, 1996 alleging that he sustained a work-related injury in April of 1996 when he struck his knee on a steel beam in the course and scope of his employment with Boh Brothers. Boh Brother answered the claim asserting that no work-related injury occurred and therefore Maggard was not entitled to any worker's compensation benefits.
At trial, Maggard testified that in October or November of 1995, he struck his right knee on a steel beam while climbing out of a hole. His supervisor, Giles Cornwell, was in the hole with him and witnessed the accident. After "rubbing it off," Maggard returned to work within minutes and did not experience any further problems. Subsequently, in April of 1996, he struck his right knee again while climbing out of the same hole. He continued to work, and he informed Cornwell about this second accident when he saw him later that day.
Maggard further testified that on April 21, 1996, he was attending Sunday morning church services and needed some assistance to sit down. Following the services, he proceeded to the emergency room at East Jefferson Hospital. The emergency room records indicated that Maggard was complaining of back pain in the "mid to low back area" as well as pain in his hip and right knee and that his hip began hurting 5 to 6 days prior to his admission to the emergency room.
The deposition of Maggard was admitted into evidence, and in his deposition, Maggard testified that he fell in church and that two deacons had to pick him up and put him in his car.
Kenny Zeagler testified that he attended church services with Maggard on April 21, 1996 and he noticed that Maggard was leaning over holding onto the pew in front of him. Zeagler approached Maggard to offer some assistance and Maggard stated that he was in tremendous pain. Zeagler then helped Maggard to sit back down and he urged him to go to the hospital. Additionally, Zeagler denied that Maggard fell in church.
Zeagler further testified that when he talked to Maggard sometime prior to April 21, 1996, Maggard indicated that he had hit his leg at work and was continuing to experience pain in his leg and back.
Bobby Goldman testified that he assisted Maggard in sitting down during church services on April 21, 1996 and he denied that Maggard fell in church.
Nelson Ardoin, the project superintendent for Boh Brothers, and Giles Cornwell, the labor foreman for Boh Brothers, also testified at the trial. Ardoin testified that on the evening of April 21, 1996, he received a telephone call from Maggard's wife and she stated that Maggard would not be reporting to work on Monday due to "something happening" at church. Cornwell testified that he did witness the first accident, and he denied that Maggard report a second accident to him. Both Ardoin and Cornwell agreed that Maggard was an exemplary employee, and they testified that on one occasion Maggard continue to work despite puncturing his hand with a nail.
Boh Brother's payroll records introduced into evidence reflected that Maggard worked 51 hours during the week of April 1-7, 1996, 67 hours during the week of April 8-14, 1996 and 70.5 hours during the week of April 15-21, 1996. Additionally, the medical records admitted into evidence revealed that Maggard sustained a "right L3-4 disc herniation" and that he subsequently underwent discectomy.
At the conclusion of the trial, the judge took the matter under advisement, and she allowed both parties to file post-trial memoranda. On August 25, 1997, the judge rendered judgment awarding Maggard temporary total disability benefits and medical *249 benefits. The judge also assessed penalties and attorney fees against Boh Brothers in the amounts of $2,000.00 and $2,500.00, respectively. It is from this judgment that Boh Brothers now appeals urging assignments of error regarding the proof of the occurrence of a work-related accident and the assessment of penalties and attorney fees.

Occurrence of Accident
Boh Brothers contends that Maggard failed to prove by clear and convincing evidence that he suffered a "second, identical work-related accident."
A worker in a compensation action must establish personal injury by accident arising out of and in the course of his employment. LSA-R.S. 23:1031(A); Bruno v. Harbert International Inc., 593 So.2d 357 (La.1992). Despite the liberal construction of the statute afforded the worker in a compensation action, the worker's burden of proof is not relaxed. Rather, as in other civil actions, the plaintiff-worker in a compensation action has the burden of establishing a work-related accident by a preponderance of the evidence. Kortz v. Colt Energy Services, Inc., 97-159 (La.App. 5 Cir. 7/29/97), 698 So.2d 460. Consequently, Boh Brothers' contention regarding the clear and convincing burden of proof is incorrect.
A worker's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged accident. Corroboration of the worker's testimony may be provided by the testimony of fellow workers, spouses or friends. Corroboration may also be provided by medical evidence. Kortz, supra.
Furthermore, the trial court's decisions on the credibility of witnesses and the question of whether the worker has met that burden are factual determinations not to be disturbed on appeal unless clearly wrong or manifestly erroneous. Martin v. Elmwood Medical Center, 95-415 (La.App. 5 Cir. 11/15/95), 665 So.2d 470.
At trial, Maggard testified that he struck his right knee a second time. Specifically, he testified as follows:
... I was coming up out the hole, same way, and my foot slipped. In order for me to get where I had to be, instead of falling down in the hole, I reached and jumped and pulled myself back up. That is when my knee hit the steel bar. It's a steel beam that I was going to put my foot on it but I missed. But when I reached up to grab the bar that was there, I pulled myself up and hit the top of my knee.
Although this second accident was not witnessed by anyone except Maggard, Boh Brothers did not present any evidence to discredit Maggard's version of the accident.
Additionally, the testimony of Zeagler regarding Maggard's complaints of pain in his leg and back following his accident and the emergency room records corroborated Maggard's testimony.
The judge found Maggard's testimony to be credible and he found that the testimony of Zeagler and Goldman confirmed that there was no incident or intervening accident at church which caused Maggard's injury.
After reviewing the record, we find the judge's determinations of credibility to be reasonable and therefore we cannot find manifest error in the judge's ruling. As such, we affirm the judgment awarding temporary total disability benefits and medical benefits to Maggard.

Penalties and Attorney Fees
Boh Brothers contends that the judge committed manifest error in assessing penalties and attorney fees. They argue that the facts provided a reasonable basis for bringing the matter to trial.
LSA-R.S. 23:1201(F) provides in pertinent part:
Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calender day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, *250 together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim.
However, penalties and attorney fees are not to be assessed when the employee's right to such benefits has been reasonably controverted by the employer or insurer. LSA-R.S. 23:1201(F)(2). The test to determine whether the employee's right to benefits was reasonably controverted is set forth in Watson v. Amite Milling Co., Inc., 560 So.2d 902, 906 (La.App. 1 Cir.), writ denied, 567 So.2d 614 (La.1990), citing Chelette v. American Guarantee and Liability Insurance, Inc., 480 So.2d 363, 367 (La.App. 3 Cir.1985), as follows:
[G]iven the facts, medical and otherwise, known to the employer or his insurer, did the employer or insurer have a reasonable basis to believe that medical expenses and compensation benefits were not due the employee. Stated another way, did the employer or his insurer have sufficient factual and medical information to reasonably counter the factual and medical information presented by the claimant. This test requires a close analysis of each worker's compensation case.
Whether an employer's refusal to pay workers' compensation benefits warrants the imposition of penalties and attorney fees is a factual question which will not be disturbed on appeal in the absence of manifest error. Kortz v. Colt Energy Services, Inc., supra.
We find that Boh Brother did not have sufficient factual information to reasonably counter Maggard's claim. Although Maggard did not miss any work because of the accident, the trial testimony established that Maggard would work with pain. Furthermore, there has been no proof of an intervening cause for Maggard's injury, such as another accident at church. Therefore, under the circumstances of the case, we find no manifest error in the assessment of penalties and attorney fees.
For the foregoing reasons, we affirm the judgment of the worker's compensation court. Boh Brothers is assessed all costs of appeal.
AFFIRMED.
DUFRESNE, J., affirms in part and dissents in part.
DUFRESNE, Judge, affirming in part and dissenting in part.
I would affirm the judgment awarding the temporary total disability benefits and medical benefits to the appellee, Walter Maggard.
However, I dissent from the majority opinion that affirms the penalties and attorney fees. The appellant, Boh Brothers, should not be assessed penalties and attorney fees. They had sufficient factual and medical information to believe that compensation benefits were not due the employee, Maggard.