776 So.2d 542 (2000)
David SHAW
v.
The ARC OF ST. CHARLES and Louisiana Worker's Compensation Corp.
No. 00-CA-1193.
Court of Appeal of Louisiana, Fifth Circuit.
November 28, 2000.
*543 Paul R. Matzen, Baton Rouge, LA, for Plaintiff-Appellant.
Travis R. Lebleu, Baton Rouge, LA, for Defendant-Appellee.
(Panel composed of EDWARD A. DUFRESNE, Jr., SUSAN M. CHEHARDY and JAMES C. GULOTTA, Pro Tem.)
DUFRESNE, Judge.
Claimant, David Shaw, appeals the judgment of the trial court dismissing his claim for workers' compensation benefits. For the reasons set forth herein, we affirm.
On December 18, 1997, David Shaw was employed by the St. Charles Association for the Retarded. According to Mr. Shaw, on that day, he was moving a laminator with the assistance of some of the disabled students that he supervised. The students suddenly dropped their end of the laminator, causing Mr. Shaw to be abruptly pulled forward. At trial, Mr. Shaw testified that the incident did not cause any immediately noticeable pain; however, several days later, he could not move his neck. When he returned to work after the Christmas holidays, he told his employer that he was going to the doctor for neck and shoulder pain.
Mr. Shaw first went to see Dr. Schultz on January 8, 1998, who treated him by putting a sling on his right arm and by giving him medication. Mr. Shaw was then referred to Dr. Mark Juneau.
On February 9, 1998, Mr. Shaw visited Dr. Juneau for purposes of evaluating his right shoulder and neck pain. He diagnosed Mr. Shaw with cervical strain and strain to the muscles of the shoulder girdle. The doctor treated him with medication, and released him to return to medium duty work with instructions not to do *544 any overhead lifting or lifting of heavy objects. Mr. Shaw then saw Dr. Juneau on March 4, 1998. At this visit, Mr. Shaw complained of occasional pain in his neck, but reported that he was doing better. Following examination, Dr. Juneau felt that Mr. Shaw's symptoms of cervical strain were resolving. The doctor released him to return to work at regular duty status.
Mr. Shaw, in fact, returned to work in mid-February of 1998. At trial, Mr. Shaw testified that he was able to perform all the duties that his job required of him when he went back to work. He testified that if he was not able to do a particular task, help was provided to him. Mr. Shaw continued to work until April 28, 1998, at which time he was terminated. According to Mrs. Coreil, his supervisor, Mr. Shaw was not terminated because of any physical disability but rather because the agency was restructuring and Mr. Shaw was unwilling to cooperate in that regard. He remained inflexible and was unwilling to move in the new direction that the agency was heading. Following his termination, Mr. Shaw filed for unemployment compensation which he received from May of 1998 until the beginning of November of 1998. On his application for unemployment benefits, Mr. Shaw indicated that he did not suffer from any disability or illness which would render him incapable of working. In fact, during that six month time frame, Mr. Shaw testified that he put in fourteen applications for employment; however, he was unable to find a job because of his injury.
It was not until January of 1999 that Mr. Shaw filed a disputed claim for compensation complaining because his wage benefits had terminated in February of 1998. Claimant also put at issue his disability status and his need for vocational rehabilitation. Additionally, he claimed that he was entitled to penalties and attorney fees for failure to reinstitute benefits.
The matter proceeded to hearing on November 19, 1999. After considering the evidence presented, the workers' compensation judge rendered judgment in favor of the defendants. The judge dismissed the workers' compensation claim of David Shaw, finding that he failed to prove that he was disabled as the result of a work related accident; that claimant was not entitled to past or future medical benefits or rehabilitative treatments; and that claimant was not entitled to indemnity benefits. It is from this judgment that Mr. Shaw now appeals.
Mr. Shaw first contends that the judgment as written is ambiguous. He claims that it is impossible to tell whether the judge believed that there was no work related accident or whether there was a compensable accident but that it did not cause his disability. The plaintiff contends that under either interpretation, the trial judge's findings are manifestly erroneous. He asserts that the evidence clearly proves that there was a work related accident and that the accident caused his disability.
We will first address Mr. Shaw's claim that the judgment is ambiguous. We acknowledge that the trial judge's finding that David Shaw failed to prove that he was disabled as a result of a work related accident could lend itself to more than one interpretation when taken in isolation. However, the judge's subsequent determinations that Mr. Shaw was not entitled to past or future medical benefits, rehabilitative treatments, or indemnity benefits, make it obvious that the judge determined that Mr. Shaw was not injured or disabled as a result of a work-related accident. Therefore, looking at the entire judgment, we reject Mr. Shaw's claim that it is ambiguous.
We will next review the trial judge's credibility determinations. In order to recover workers' compensation benefits, a claimant must show that he received personal injury by accident arising out of and in the course and scope of his employment and that said injury necessitated medical treatment and/or rendered *545 the employee disabled. The claimant has the burden of establishing the occurrence of an accident and the resulting disability by a preponderance of the evidence. Lemoine v. Parish Tire & Wheel, 532 So.2d 911 (La.App. 5 Cir.1988); Augustus v. St. Mary Parish School Board, 95 2498 (La. App. 1 Cir.6/28/96), 676 So.2d 1144.
While the court may view the circumstances from the perspective of the worker, the claimant's burden of proof is not relaxed, for he must still establish a work related accident by a preponderance of the evidence. A worker's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the accident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. Bruno v. Harbert Intern. Inc., 593 So.2d 357 (La.1992). Corroboration of the worker's testimony may be provided by the testimony of fellow workers, spouses, or friends. Corroboration may also be provided by medical evidence. Maggard v. Boh Bros. Const. Co., 97-1177 (La.App. 5 Cir. 4/15/98), 712 So.2d 247.
The trial court's determinations as to whether the worker's testimony is credible and whether the worker has discharged his or her burden are factual determinations not to be disturbed on review unless clearly wrong or absent a showing of manifest error. Maggard v. Boh Bros. Const. Co., supra.
In the present case, we find no manifest error in the factual determinations made by the trial judge. The evidence adduced at the hearing supports his finding that Mr. Shaw was not injured and/or disabled as a result of a work related accident. We first note the discrepancies regarding the actual accident. Mr. Shaw claimed that he got injured while moving a laminator and that he reported the incident to Victoria Bryant. However, the only incident report contained in our record reflects that on December 18, 1997, while driving to LaPlace, Mr. Shaw felt a pain in his shoulder and neck while making a wide turn while driving his employer's bus. Likewise, at trial, the deposition testimony of Regina Coreil, his supervisor, indicated that Mr. Shaw did not report that a laminator had dropped, but claimed he felt neck pain while making a wide turn driving the bus. Janelle Hayes, a claims representative for Louisiana Workers' Compensation Corporation, testified that when she asked Mr. Shaw what happened, he reported that he was making a turn in the bus and he felt pain in his right shoulder and neck. Ms. Hayes testified that Mr. Shaw did mention that he thought his injury first happened when he was moving a laminator, but that he did not feel any pain until he was driving the bus. At trial, Mr. Shaw explained that he initially injured himself while moving the laminator, but that injury was aggravated while driving the bus. We further note that Mr. Shaw did not report any incident to his employer or go to the doctor until January 8, 1998, several weeks after the alleged accident. When he went to the doctor, Mr. Shaw was diagnosed with cervical strain, treated, and released to go back to medium duty work on February 9, 1998, and then to regular duty on March 4, 1998. Mr. Shaw returned to work in February with no complaints of pain, and according to his own testimony was able to do what was expected of him, and was additionally provided with help if he needed it. Mr. Shaw continued to work until the end of April when he was terminated. Based on these facts as well as a thorough review of the record, we find no manifest error the trial court's finding that Mr. Shaw was not injured and/or disabled as a result of a work related accident. Accordingly, we find that the court did not err in dismissing the workers' compensation claims of Mr. Shaw.[1]
On appeal, Mr. Shaw additionally asserts the trial court erred in denying him past and future medical benefits, vocational *546 rehabilitation, and indemnity benefits including but not limited to supplemental earnings benefits. Having found no error in the that the trial court's determination that Mr. Shaw was not injured and/or disabled as a result of a work related accident, it necessarily follows that Mr. Shaw was not entitled to any of these other benefits.
Mr. Shaw also contends on appeal that he is entitled to penalties on indemnity benefits not paid and further that he is entitled to attorney fees for defendants' failure to pay indemnity benefits, failure to provide vocational rehabilitation, and failure to allow him a choice of treating physician. We first note that there is no ruling by the trial judge on these issues; however, that is of no consequence. Since we have found that the trial court correctly denied Mr. Shaw these benefits, we find that Mr. Shaw would not be entitled to penalties or attorney fees.
For the reasons set forth herein, we affirm the judgment of the trial judge which dismissed Mr. Shaw's claim for workers' compensation benefits.
AFFIRMED.
NOTES
[1] We have reviewed the medical records and are familiar with Mr. Shaw's course of treatment and his changing disability status throughout 1998 and 1999. Since we are in agreement with the trial judge that Mr. Shaw failed to prove that he was injured and/or disabled as a result of a work related accident, we find it unnecessary to detail that medical treatment in this opinion.