800 So.2d 992 (2001)
Milton HEAD
v.
WINN-DIXIE, INC.
No. 01-CA-467.
Court of Appeal of Louisiana, Fifth Circuit.
October 17, 2001.
*993 James M. Taylor, Lynn L. White, Counsel for Winn-Dixie, Inc., Defendant-Appellant.
Leonard A. Washofsky, Metairie, LA, Counsel for Milton Head, Plaintiff-Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SUSAN M. CHEHARDY and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
On June 16, 2000, the plaintiff, Milton Head, filed a disputed claim for compensation against the defendant, Winn-Dixie, Inc., alleging that he sustained injuries to his lower back, including a herniated disc, while in the course and scope of his employment as a forklift operator at the Winn-Dixie Distribution Center in Hammond, Louisiana. Winn-Dixie filed an answer in which they denied that the plaintiff had an accident within the course and scope of his employment. Trial of this *994 matter was held on November 1, 2000. On January 9, 2001, the worker's compensation judge rendered a decision in favor of the plaintiff, finding that he was injured during the course and scope of his employment, that he had met the requisite burden of proof to establish his entitlement to worker's compensation benefits, and that he was entitled to temporary total disability benefits from the defendant from September 25, 1999, through the present and continuing, as well as payment of all medical bills and medication expenses. It is from this decision that Winn-Dixie appeals.

FACTS
Mr. Head testified that he was employed by Winn-Dixie as a forklift operator at the time of the alleged accident. He had been working for Winn-Dixie for approximately ten years. On September 25, 1999, he was working the night shift and, at approximately 1:00-1:15 a.m., he was approached by his supervisor, Mr. Bill Schloegel. Mr. Schloegel told the plaintiff to re-stack some cases that had fallen off one of the pallets. The plaintiff testified that he began to follow his supervisor's instructions, but he tried to explain to Mr. Schloegel that he had not caused the cases to fall but he knew who did. Mr. Schloegel informed him that he did not care who caused the problem, and he wanted Mr. Head to fix it.
The plaintiff testified that approximately 20 minutes after speaking with Mr. Schloegel, while he was throwing cases of charcoal bags weighing approximately 60 pounds from one pallet to another, he felt a pain in his back. He described the pain as "pins and needles" sticking him in his lower back. He testified that he had to stop working for approximately ten minutes due to the shock of the pain. Approximately 20-40 minutes later, Mr. Schloegel approached Mr. Head while he was sitting on his forklift and asked him why he was not picking up the pallets in the aisles of his sections. Mr. Head testified that he told Mr. Schloegel that his section was busy that evening, that he had hurt his back, and that he would clear the pallets before the end of his shift. He stated that Mr. Schloegel told him that he should punch out and go home if he was not going to do his work.
Mr. Schloegel testified that after he told the plaintiff to stack the fallen cases, he returned approximately one hour later and found that the plaintiff had only done half of the job. When he found the plaintiff and told him that he needed to pick up the pallets in his section, the plaintiff told him that he would not do it at that time. He further testified that he asked the plaintiff again to stack the pallets and the plaintiff replied, "not right now." He then directed Mr. Head to punch out and go home. Mr. Schloegel testified that Mr. Head never informed him that he had sustained an injury. If Mr. Head had told him that he was injured, he would have asked him if he needed medical attention. Mr. Schloegel testified that he did not learn of the alleged injury until a couple of months later when someone from the Winn-Dixie worker's compensation department called him.
Mr. Schloegel prepared a report regarding the incident with Mr. Head in order to inform the warehouse superintendent, Mr. Darryl Bordelon, of the situation. Prior to returning to work, Mr. Head spoke with Mr. Bordelon who told him to return to work at his regular time on Monday. A short while after returning to work on Monday, he was called to Mr. Bordelon's office and terminated for insubordination. The plaintiff contends that he told Mr. Bordelon that he had injured his back on Friday night, but Mr. Bordelon testified that he did not mention anything to him about an accident or injury. Mr. Bordelon *995 testified that he did not learn of the plaintiff's alleged injury until a month or two later when the safety department contacted him looking for an accident report.
On October 18, 1999, Mr. Head visited Dr. Howard Raphael for treatment for back pain. Dr. Raphael treated him with prescriptions and when the condition did not improve, he referred him to Dr. E. Thomas Cullom, III, a neurosurgeon. Dr. Cullom's history indicates "negative for serious injuries," and "negative for prior on the job injuries." Dr. Cullom's records from November 9, 1999 indicate, "Mr. Head has had some occasional back pain throughout the years, but nothing as severe as what he is currently experiencing. During the second week of October, the patient experiencing more severe pain just above the beltline, across the center of his back." (Emphasis added.) An MRI revealed a herniated disc at the L3/L4 level.
The plaintiff admitted that he did not tell Dr. Raphael or Dr. Cullom that he was injured at work. Dr. Raphael testified in his deposition that his notes indicate, "Patient complains of low back pain times two weeks," and "He works part time as auto mechanic. Has to push car. Complained of pain radiating to right buttock." He testified that Mr. Head related to him that the pain he was experiencing was the result of pushing a car. However, at trial, the plaintiff denied working as an auto mechanic and testified that he did not advise Dr. Raphael that he was working in a mechanic shop or had injured himself pushing a car.
The plaintiff called two co-workers, Mr. Donald Chaisson and Mr. Darryl Avant, to testify, though neither witnessed the alleged accident. Mr. Chaisson testified that he had worked for Winn-Dixie for 18 years and had known the plaintiff since he began working there. He further testified that he had kept in touch with Mr. Head since his termination and he had told him that he was working part-time as an auto mechanic for a close friend or relative. He also told him that he was having back problems. Mr. Avant testified that he knew Mr. Head from work and from living in the same community, and that he was an honest and reliable worker. However, Mr. Avant also testified that he was not present when the alleged accident occurred and did not know about it until Thanksgiving or Christmas.

LAW AND ARGUMENT
In the first assignment of error, Winn-Dixie claims that the plaintiff did not meet his burden of proof that an accident occurred. We agree.
The claimant in a worker's compensation case has the burden of proving a work-related accident and a resulting injury by a preponderance of the evidence. Bruno v. Harbert International, Inc., 593 So.2d 357, 361 (La.1992). The claimant's testimony alone may be sufficient to satisfy this burden of proof, as long as there is no other evidence that discredits or casts serious doubt upon his version of the incident, and his testimony is corroborated by circumstances following the alleged accident. West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979); Bruno, supra. The claimant's testimony may be corroborated by the testimony of fellow workers, spouses, or friends, or by medical evidence. Id.
A factual finding of the worker's compensation judge cannot be disturbed on appeal unless it is manifestly erroneous or clearly wrong. Shaw v. Arc of St. Charles, 00-1193 (La.App. 5 Cir. 11/28/00), 776 So.2d 542, 545. Pursuant to this standard, the reviewing court does not ask whether the factfinder is right or wrong, but whether its conclusion is reasonable. Stobart v. State, through Department of Transportation and Development, 617 So.2d 880 (La.1993); Sears v. Berg, Inc. *996 99-457 (La.App. 5 Cir. 9/28/99), 742 So.2d 760, 764.
In this case, the worker's compensation judge found that the plaintiff had satisfied his burden of proof and had established that he was injured in the course and scope of his employment. However, the record reveals that this finding by the worker's compensation judge was unreasonable and clearly wrong.
The plaintiff admits that there were no witnesses to this accident and although he testified that he had two co-workers who were aware of the accident after it occurred, he did not call these co-workers or any friends or relatives to corroborate his version of the events. Contrary to the plaintiff's assertions, Mr. Schloegel and Mr. Bordelon testified that Mr. Head did not tell them that an accident occurred or that he sustained an injury while at work, and they did not learn about Mr. Head's claims until a month or two after the alleged incident. The plaintiff's friend and former co-worker, Mr. Avant, also testified that he did not learn about the alleged accident until two to three months later. Mr. Head did not seek medical attention until October 18, 1999, though the accident allegedly occurred on September 25, 1999.
The testimony of Mr. Schloegel and Mr. Bordelon, along with the fact that there is no evidence or testimony to corroborate the plaintiff's allegations, is enough to cast some doubt on the plaintiff's version of the events. However, the deposition of Dr. Raphael, along with Mr. Chaisson's testimony, is sufficient to cast serious doubt on the plaintiff's version of events. Dr. Raphael testified that the plaintiff indicated to him that he was working as an auto mechanic and the pain was caused when he "had to push car." Although the plaintiff testified that he did not work as an auto mechanic and that he did not relate that information to Dr. Raphael, the plaintiff's own witness, Mr. Chaisson, testified that Mr. Head had told him that he was working for a close friend or relative as an auto mechanic.
In McCoy v. Monroe Timber Company, Inc., 94-661 (La.App. 3 Cir. 12/21/94), 647 So.2d 1383, writ denied, 95-0844 (La.5/5/95), 654 So.2d 335, the Court upheld the administrative judge's denial of worker's compensation benefits where no one saw the alleged accident, the claimant did not seek medical attention until more than a week after the accident, and the claimant had other medical problems which could have caused his back pain. Similarly, in the present case, no one saw the accident, the claimant did not seek medical attention until approximately three weeks after the alleged accident, and there were other possible causes of the injury, such as pushing a car while working as an auto mechanic.
Although the worker's compensation judge's findings are entitled to great deference, the unsupported testimony of the plaintiff is clearly insufficient to satisfy his burden of proof in light of the amount of evidence that contradicts the plaintiff's testimony and supports another cause of the plaintiff's injuries. Considering the record before us, we find that the worker's compensation judge was clearly wrong when she found that the plaintiff had established that he suffered a work-related injury at Winn-Dixie and was entitled to worker's compensation benefits. Accordingly, we reverse the decision of the worker's compensation judge and deny the plaintiff's claim for worker's compensation benefits. Due to this ruling, we will not consider the remaining assignments of error asserted by the defendant. Each party is to bear their own costs of this appeal.
REVERSED.