JAMES L. CANNELLA, Judge.
|¡>The Defendants, Rhorer Mutual Industries (Rhorer) and its insurer, Louisiana Workers’ Compensation Corporation (LWCC), appeal from the judgment of the Office of Workers’ Compensation (OWC) rendered in favor of the Claimant, Allen Bartholomew. For the reasons which follow, we reverse.
On September 5, 2003, the Claimant filed a Disputed Claim for Compensation with the OWC. Therein he stated that he had started working for Rhorer on August 12, 2003 as an equipment operator. His average weekly wage was $600. Eight days later, on August 20, 2003, he claims that he sustained injuries to his ribs, back, knee, and ankle while in the course and scope of his employment, working near the tank farm, when he fell into a deep hole. He also contends that penalties and attorney fees are due because the Defendants-failed to reasonably controvert the claim. Bartholomew listed Jamie Labranche (La-branche) as a witness.
*756 laOn December 12, 2003, the Defendants answered the claim and denied all liability, contending that, upon investigation of the claim, no witnesses confirmed Bartholomew’s account or even the occurrence of the accident. Moreover, contrary to the Claimant’s assertions, statements by coworkers indicated that no accident took place.
Following a hearing conducted on October 25, 2004, judgment was rendered on December 6, 2004 in favor of Bartholomew, upon finding that: (1) Bartholomew was injured by accident during the course and scope of his employment on August 20, 2003; (2) Bartholomew is entitled to the payment of temporary total disability benefits from August 20, 2003 through November 30, 2003; (3) Bartholomew is entitled to the payment of supplemental earnings benefits from December 1, 2003 through April 18, 2003; (4) Bartholomew is entitled to the payment of all medical expenses, medication expenses and transportation expenses related to the injury sustained on August 20, 2003; (5) the Defendants were arbitrary and capricious in their refusal to pay worker’s compensation benefits; (6) the Defendants failed to reasonably controvert the claim; (7) penalties are due in the amount of $2000 for failure to pay worker’s compensation benefits; (8) attorney’s fees are due in the amount of $3000; and (9) credit is due to the Defendants for any benefits already paid and for any earnings by Bartholomew. It is from this judgment that the Defendants appeal.
On appeal the Defendants first argue that the trial court erred in finding that Bartholomew sustained a work related injury on August 20, 2003. They argue that there is no evidence in the record to support the claim except the self serving testimony of the Claimant. His testimony is not corroborated by any other testimony and, to the contrary, it is contradicted by the testimony and statements of his coworkers, supervisors and his own deposition. Therefore, the Defendants |4argue that the trial court judgment, finding that a work related accident occurred on August 20, 2003, is manifestly erroneous and should be set aside. We agree.
It is well settled and acknowledged by the Defendants that an appellate court may not set aside the factual findings of a workers’ compensation judge in the absence of manifest error or unless it is clearly wrong. Chaisson v. Cajun Bag & Supply Co., 97-1225, p. 13 (La.3/4/98), 708 So.2d 375, 380; Barbarin v. TLC Home Health, 02-1054, p. 3 (La.App. 5th Cir.4/29/03), 845 So.2d 1199, 1202; Campbell v. Gootee Const Co., 99-913, p. 9 (La.App. 5th Cir.1/12/00), 756 So.2d 449, 453. It is the claimant’s burden, in a workers’ compensation case, to prove a work-related accident and a resulting injury by a preponderance of the evidence. Ratliff v. Brice Bldg. Co., 03-624 (La.App. 5th Cir.11/12/03), 861 So.2d 613. While the court may view the circumstances from the perspective of the worker, the claimant’s burden of proof is not relaxed. Shaw v. Arc of St. Charles, 00-1193 (La.App. 5th Cir.11/28/00), 776 So.2d 542. The claimant’s testimony alone may be sufficient to satisfy this burden of proof, as long as there is no other evidence that discredits or casts serious doubt upon his version of the incident, and his testimony is corroborated by circumstances following the alleged accident. Ratliff, supra; Head v. Wimu-Dixie, Inc., 01-467 (La.App. 5th Cir.10/17/01), 800 So.2d 992; Shaw, supra. Corroboration of the worker’s testimony may be provided by the testimony of fellow workers, spouses, or friends. Corroboration may also be provided by medical evidence. Ratliff, supra; Shaw, supra.
In the present case, we find that the only evidence of the accident was the testi *757 mony of the Claimant, which was not corroborated by any other evidence and, to the contrary, was discredited by the testimony of his co-workers.
The Claimant was the only witness to testify in support of his claim. The evidence shows that he was a 31 year old male when hired by Rhorer as an | ñequipment operator eight days prior to the alleged accident. The record establishes that the Claimant worked a full day on August 20, 2003 and was terminated after one-half of the next day, on August 21, 2003. The Claimant testified that he was injured in the morning of the 20th while spraying a field when he fell into a deep hole and sustained injuries. He testified that his co-worker, Labranche, came to his aid and helped him up out of the hole. He also testified that Labranche went and got his supervisor, Donnie White (White), and the Claimant explained to him what happened. The Claimant testified that he rested for about two hours, until about noon, and then finished his afternoon shift that day. He also testified that Chester Rothkamn, the risk manager or safety manager, brought him some aspirin later that afternoon and was informed of the earlier accident. The Claimant testified that he did not report the accident officially because White discouraged him from doing so, expressing concern that too many accidents had been occurring and the company could be in danger of losing its contract.
The following day, the Claimant again reported to work. During the morning shift, while driving a tractor, he struck the arm of the tractor sprayer against a post, breaking the arm, and making the third incident the Claimant was involved in during his nine days of employment. The Claimant heard that he was going to be terminated at the end of the day and went to the office at noon on the 21st to find out if he was going to be fired that afternoon. Upon being told that he was going to be terminated for lack of necessary experience to do the assigned work, the Claimant asked if he could leave at that time instead. His supervisor, Christopher Clausen (Clausen), allowed him to leave immediately and he was clocked out and terminated at noon on August 21, 2003. The Claimant contends that he informed Clausen at that time of the accident. Following his termination, the Claimant consulted an attorney who sent him to a physician, Dr. Erwin J. 1 fjDeiparine. Dr. Deiparine saw the Claimant initially six days after the accident, on August 26, 2003, and for treatment thereafter. The medical records were admitted into evidence. No witnesses were called to corroborate the Claimant’s testimony about the accident.
Perhaps, as evidenced by the Defendants, the Claimant called no corroborative witnesses because there were none. Roth-kamn, the risk manager, who was no longer employed by Rhorer at the time of trial, was called as a defense witness and, contrary to the Claimant’s assertions, testified that he had not been told by the Claimant about any accident that the Claimant had sustained. He also testified that he did not bring the Claimant aspirin on August 20th. He testified that there was no report of an accident on either the 20th or the 21st and the first he knew of the accident was two weeks later when the claim was filed with the OWC. At that time he investigated the claim by going out to the field where the accident was alleged to have happened and he could not find a hole in the field where the Claimant alleged to have fallen. He also spoke with La-branche and White and testified that they both told him that they had no knowledge of the Claimant being involved in an accident or sustaining any injuries. They submitted written and signed statements to that effect which were admitted into evidence.
*758 Clausen, the site supervisor, testified as a defense witness. He stated that he did terminate the Claimant’s employment on August 21st at noon upon being questioned by the Claimant. He stated that the Claimant had been involved in three incidents prior to his termination. He contradicted the Claimant’s testimony and stated that the Claimant did not tell him anything about an accident occurring the previous day. He testified that he found out about the alleged accident two weeks later when the claim was made and that he investigated it and found it meritjless.7 He also testified that if anyone knew anything about an accident it would have been officially reported immediately or it could cost him his job.
Finally, Jamie Bourg, the claims officer for LWCC testified that when the claim was made, he investigated it and spoke with Clausen, Rothkamn, White, La-branche and Herbert Dewey, all of whom stated that they did not witness the accident and that no accident was reported to them on the 20th or the 21st. The latter three worked directly with the Claimant on the morning of August 20th when the accident was alleged to have occurred.
Not only was the Claimant’s testimony contradicted by his co-employees, but it was also discredited on cross examination where significant discrepancies between his testimony at trial and his deposition testimony were revealed concerning whom he told of the accident and when and whether he worked the remainder of the day of the alleged accident. Further, although the medical records evidence that the Claimant had some functional disability, the visit six days after the alleged accident did not corroborate the Claimant’s testimony that-the disability resulted from a work accident nor did he prove causation between the alleged accident and the injuries.
Thus, based on our review of the record, we conclude that the finding by the OWC that the Claimant sustained a work related accident on the morning of August 20, 2003 is not supported by the record, is manifestly erroneous and is clearly wrong. The Claimant herein has simply not met his burden by a preponderance of the evidence of proving that a work related accident resulting in injury occurred. The only evidence of the accident is the testimony of the Claimant and the law is well settled that the claimant’s testimony alone will not suffice where, as here, it is not corroborated by other evidence and there is contrary evidence that discredits or casts serious doubt upon the worker’s version of the | ^accident. Therefore, we find that the judgment by the OWC, based on the finding that the Claimant sustained a work related accident that resulted in injuries, is not supported by the record, is manifestly erroneous and is clearly wrong and must be reversed.
Accordingly, for the reasons stated above, the judgment of the OWC, rendered in favor of Bartholomew and against the Defendants is reversed. Costs of appeal are assessed against Bartholomew.

REVERSED.