924 So.2d 298 (2006)
Arsenio ARIAS
v.
CERTIFIED COATING, INC.
No. 05-CA-446.
Court of Appeal of Louisiana, Fifth Circuit.
February 14, 2006.
*300 Dennis D. Spurling, Houston, Texas, for Plaintiff/Appellee.
Amanda H. Carmon, Baton Rouge, Louisiana, for Defendant/Appellant.
Panel composed of Judges JAMES L. CANNELLA, MARION F. EDWARDS, and SAM A. LeBLANC, III, Pro Tempore.
JAMES L. CANNELLA, Judge.
The Defendants, Certified Coating, Inc. and its insurer, Louisiana Workers' Compensation Corporation (Certified Coating), appeal from the judgment rendered by the Office of Workers' Compensation (OWC) finding that the Claimant, Arsenio Arias, was entitled to supplemental earnings benefits (SEBs) following a work related accident, medical and transportation expenses, penalties and attorney fees. For the reasons which follow, we amend in part and affirm as amended.
The Claimant was employed as a painter for Certified Coating. On January 16, 2003, he began performing painting work at the Stolthaven facility located in Braithwaite. Specifically, his duties included working and stenciling on tanks B50-9 and B50-10, and painting the pipes, and valves. The Claimant alleged that he was exposed continuously to acrylonitrile while performing work at Stolthaven and as a result suffered compensable injuries. Following trial, the Workers' Compensation Judge (the judge) ruled in the Claimant's favor. She made several findings that, (1) the Claimant was injured by accident during the course and scope of his employment, (2) the Claimant was exposed to acrylonitrile during his employment from January 16, 2003 through February 5, 2003, (3) the Claimant is entitled to SEBs from February 5, 2003 through the present, (4) the Claimant is entitled to the payment of all medical and transportation expenses related to the injury, (5) there was no misrepresentation resulting in forfeiture under La. R.S. 23:1208, (6) the Defendants were arbitrary and capricious in their refusal to pay medical benefits and SEBs, (7) the Defendants failed to reasonably controvert *301 the Claimant's entitlement to benefits, (8) penalties were assessed in the amount of $2000 for refusal to pay SEBs and $2000 for refusal to pay medical expenses, and (9) attorney fees were assessed in the amount of $8000. It is from this judgment that the Defendants appeal.
On appeal the Defendants assign two errors. First, they argue that the judge erred in finding that the Claimant suffered injury due to an accident, including exposure to acrylonitrile, arising out of the course and scope of his employment.
It is well settled that an appellate court may not set aside the factual findings of a workers' compensation judge in the absence of manifest error or unless they are clearly wrong. Chaisson v. Cajun Bag & Supply Co., 97-1225, p. 13 (La.3/4/98), 708 So.2d 375, 380; Barbarin v. TLC Home Health, 02-1054, p. 3 (La. App. 5th Cir.4/29/03), 845 So.2d 1199, 1202; Campbell v. Gootee Const. Co., 99-913, p. 9 (La.App. 5th Cir.1/12/00), 756 So.2d 449, 453. It is the claimant's burden, in a workers' compensation case, to prove a work-related accident and a resulting injury by a preponderance of the evidence. Ratliff v. Brice Bldg. Co., 03-624, (La.App. 5th Cir.11/12/03), 861 So.2d 613. While the court may view the circumstances from the perspective of the worker, the claimant's burden of proof is not relaxed. Shaw v. Arc of St. Charles, 00-1193 (La.App. 5th Cir.11/28/00), 776 So.2d 542. The claimant's testimony alone may be sufficient to satisfy this burden of proof, as long as there is no other evidence that discredits or casts serious doubt upon his version of the incident, and his testimony is corroborated by circumstances following the alleged accident. Ratliff, supra; Head v. Winn-Dixie, Inc., 01-467 (La.App. 5th Cir.10/17/01), 800 So.2d 992; Shaw, supra. Corroboration of the worker's testimony may be provided by medical evidence and the testimony of fellow workers, spouses, or friends. Ratliff, supra; Shaw, supra.
The Defendants argue on appeal that the OWC ruling should be reversed because it is not supported by the record. The Defendants rely on the legal principle espoused above that the claimant's testimony alone is not sufficient to satisfy his burden of proof where there is other evidence that discredits or casts serious doubt upon his version of the incident, and his testimony is uncorroborated by circumstances following the alleged accident. The defense then points out numerous instances of discrepancies in testimony and contradictions.
Upon review we do not find the above legal principle applicable in this case. As pointed out by the Claimant, his case did not rest solely on his testimony and, while there may have been discrepancies in the testimony, there was testimony other than his, as well as medical reports, that supported his claim. More accurately, the Claimant argues, this case is to be considered under the manifest error standard of appellate review, and the record supports the findings of the judge. We agree.
Under the manifest error standard of review, where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring, 283 So.2d 716 (La.1973). The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Stobart v. State through DOTD, 617 So.2d *302 880 (La.1993). Thus, where two permissible views of the evidence exist, the fact-finder's choice between them cannot be manifestly erroneous or clearly wrong. Stobart, supra; Rosell, supra.
The Claimant testified that during the second week of his work at Stolthaven, in the latter part of January 2003, he could smell something peculiar and he experienced a bad taste in his mouth, a choking sensation, nausea and dizziness. During this time he was assigned to paint tank B50-9 which was filled with acrylonitrile. He testified that he reported this to his supervisor at Stolthaven, Kirk Stiles (Stiles), and his employer, Kenneth Hebert (Hebert). He testified that this continued while he worked at Stolthaven from January 16  February 5, 2003. He saw leaks in the pipes, valves and tanks of B50-9 on several occasions. He testified that his supervisor did not take him seriously and told him that no one had died in over 17 years that he had been there. On one occasion when tank B50-9 had a confirmed leak, he was told to paint the neighboring tank, B50-10. He contends that he was very close to the leak and that tank B50-10 also had leaks. He testified that his employment was terminated on February 5, 2003. His medical records, commencing on February 13, 2003 confirm his physical complaints. Records from Dr. Pedro Romaguera and Dr. Joseph J. Creely from February of 2003 confirm that the Claimant had inflamed airways and pharynx consistent with chemical exposure.
Although there are differences between the testimony of Stiles and Hebert and the Claimant, the fact that he reported smelling something peculiar was confirmed. Furthermore, it was also confirmed that there was a small leak in a valve at tank B50-9 on January 27, 2003. Stiles testified that the area was taped off before the Claimant arrived at work that day and was repaired and inspected before anyone was allowed in the area again. Stiles also testified that he inspected the tank every day and there were no other leaks in the month of January. Hebert testified that the Claimant reported a peculiar smell but no physical symptoms. Hebert also disputed the fact that the Claimant was fired, testifying that he just didn't come to work after February 5, 2003.
Clearly, there were two permissible views of the evidence and after reviewing the record before us, we cannot say that the factfinder's choice between them was unreasonable or manifestly erroneous. The judge made credibility determinations in favor of the Claimant, and we find no reason to disturb those evaluations. Thus, we find no merit in the Defendants' argument that the judge erred in finding that the Claimant suffered injury due to an accident arising from his employment by being exposed to acrylonitrile during his employment.
Next, the Defendants argue that the judge erred in finding that they did not reasonably controvert the claim for indemnity and medical benefits, finding them arbitrary and capricious and ordering them to pay penalties and attorney fees.
When an employer has failed to pay benefits the proper standard for review of that decision is whether the employer reasonably controverted the claim. Brown v. Texas-LA Cartage, Inc., 98-1063 (La.12/1/98), 721 So.2d 885. A claim for workers' compensation is reasonably controverted if the employer has some valid reason or evidence upon which to base his denial of benefits. Thus, to determine whether the claimant's right to benefits has been reasonably controverted, thereby precluding the imposition of penalties and attorney fees under La. R.S. 23:1201, a court must ascertain whether the employer or his insurer engaged in a non-frivolous *303 legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant throughout the time he refused to pay all or part of the benefits allegedly owed. Brown v. Texas-LA Cartage, Inc., supra. Although the Workers' Compensation Act is to be liberally construed in regard to benefits, penal statutes, such as the statutes awarding penalties and attorney fees, are to be strictly construed. Williams v. Rush Masonry, Inc., 98-2271, (La.6/29/99), 737 So.2d 41.
In this case, the Defendants denied the Claimant's request for worker's compensation benefits based on this investigation of the accident. Following the investigation, the Defendants contended that they found no testimony or evidence that corroborated the Claimant's version of events and found contradictions in the Claimant's story.
Upon review, we conclude that although this case presented a close issue at trial on whether the Claimant suffered injury due to an accident arising from and in the course of his employment through exposure to acrylonitrile, it was not reasonably controverted by the Defendants at the time that they denied benefits and they acted in an arbitrary and capricious manner. We find that the Defendants did not have valid reasons and evidence upon which to base the denial of benefits and, therefore, the decision to award penalties and attorney fees was not clearly wrong. Tank B50-9, upon which the Claimant worked, contained acrylonitrile. It was found to be leaking. The Claimant presented medical evidence supporting his claims that his condition was caused by exposure to acrylonitrile. Contrary evidence was not in the Defendants' possessions at the time benefits were denied. However, we do find that the amount of penalties and attorney fees is not supported by the record, is clearly wrong, and must be reduced. Based on the record we find that a reasonable penalty award should be set at $1000, for refusal to pay SEB's and $1000 for refusal to pay medical expenses, and attorney fees should have been assessed at $4000.
Accordingly, for the reasons stated above, we affirm the judgment insofar as it held that the claimant was injured by a work related accident through exposure to acrylonitrile, entitling him to supplemental earning benefits from February 5, 2003 through the present, as well as all medical, and transportation expenses related to the injury, subject to all credits against those benefits allowed by law, and insofar as it found the Defendants failed to reasonably controvert the claim or acted in an arbitrary and capricious manner in their refusal to pay benefits and medical expenses. We amend the judgment, reducing the penalty award to $1000 for the refusal to pay SEB's and $1000 for the refusal to pay medical expenses and reducing the award for attorney fees to $4000. As amended, this part of the judgment is affirmed. Costs of appeal are assessed against each party. The request of the Claimant for attorney's fees for appeal is denied.
AMENDED IN PART AND AFFIRMED AS AMENDED.