861 So.2d 224 (2003)
Carrie HALL
v.
J.E. MERIT CONSTRUCTORS, INC.
No. 2002 CA 2648.
Court of Appeal of Louisiana, First Circuit.
November 7, 2003.
Rehearing Denied January 5, 2004.
*225 Anthony Salario, Marksville, Counsel for Defendant/Appellant Carrie Hall.
Daniel S. Wanko, Jr., Covington, Counsel for Plaintiff/Appellee J.E. Merit Constructors, Inc.
Before: PETTIGREW, DOWNING, and McCLENDON, JJ.
MCCLENDON, J.
By this appeal, an employee contests a judgment of the Office of Workers' Compensation Administration, granting her former employer's motion for summary judgment based on a finding that the employee failed to present evidence showing that she could meet her burden of proving a compensable accident at trial. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
On August 19, 1999, Carrie Hall, a boilermaker employed by J.E. Merit Constructors, Inc. allegedly injured her right shoulder while in the course and scope of her employment. Shortly thereafter, J.E. Merit began paying weekly workers' compensation benefits to Ms. Hall and paying all medical expenses associated with the alleged accident.
On January 2, 2002, J.E. Merit filed a disputed claim for compensation, asserting Ms. Hall did not sustain a compensable accident while in the course and scope of her employment. J.E. Merit terminated *226 Ms. Hall's workers' compensation benefits on or about March 13, 2002. On May 10, 2002, Ms. Hall filed an answer and a reconventional demand, seeking the reinstatement of her benefits.
Subsequently, J.E. Merit filed a motion for summary judgment asserting that Ms. Hall could not meet her burden of proving a compensable accident or injury during her employment with J.E. Merit and, therefore, no benefit is owed to the employee. After hearing the matter, the workers' compensation judge granted summary judgment in favor of J.E. Merit. Ms. Hall appeals, asserting that summary judgment was improper as genuine issues of material fact remain as to whether an accident occurred.

SUMMARY JUDGMENT
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. Jarrell v. Carter, 632 So.2d 321, 323 (La.App. 1 Cir.1993), writ denied, 94-0700 (La.4/29/94), 637 So.2d 467. The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. LSA-C.C.P. art. 966(A)(2); Rambo v. Walker, 96-2538, p. 5 (La.App. 1 Cir. 11/7/97), 704 So.2d 30, 32. The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). When appropriate under articles 966 and 967, summary judgment is available in workers' compensation cases. LSA-R.S. 23:1317(A); Pope v. Younger Bros., Inc., 96-1604, p. 4 (La. App. 1 Cir. 5/9/97), 693 So.2d 1287, 1289.
An appellate court reviews a trial court's decision to grant a motion for summary judgment in workers' compensation cases de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. LeJeune v. Brewster, 97-2342, p. 4 (La.App. 1 Cir. 11/6/98), 722 So.2d 74, 76. The initial burden of proof is on the moving party. However, on issues for which the moving party will not bear the burden of proof at trial, the moving party's burden of proof on the motion is satisfied by pointing out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the non-moving party must produce factual support sufficient to establish that it will be able to satisfy its evidentiary burden of proof at trial; failure to do so shows that there is no genuine issue of material fact. LSA-C.C.P. art. 966(C)(2); Clark v. Favalora, 98-1802, p. 10 (La.App. 1 Cir. 9/24/99), 745 So.2d 666, 673. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Davis v. Specialty Diving, Inc., 98-0458, 98-0459, p. 5 (La.App. 1 Cir. 4/1/99), 740 So.2d 666, 669, writ denied, 99-1852 (La.10/8/99), 750 So.2d 972.

WORK-RELATED ACCIDENT
The appellant contends that the workers' compensation judge erred in concluding that she could not meet her burden of proving a work-related "accident." The term "accident" is defined in LSA-R.S. 23:1021(1) as "an unexpected unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration." The employee bears the burden of establishing *227 an accident by a preponderance of the evidence. Bruno v. Harbert International, Inc., 593 So.2d 357, 361 (La.1992).
The record reflects that, on the day of the alleged accident, J.E. Merit was a contractor working at the Exxon Chemical Facility in Baton Rouge, Louisiana. J.E. Merit assigned Ms. Hall, Terry Elders and Newnan Hall the job of constructing or installing a pipe trapeze, using a rotary drill, weighing approximately fifteen to twenty pounds, and a magnetic drill, weighing approximately seventy-five pounds. The magnet on the magnetic drill was not operational; therefore, the crew had to manually lift that drill. Ms. Hall and Terry Elders worked on a scaffold, while Newnan Hall worked on the ground.
Ms. Hall testified by deposition that, before lunch on August 19, 1999, she began to experience problems, including pain across her shoulders, but continued to work. At lunch, she told her co-workers that she expected to be sore that evening. She noticed pain in her shoulders after lunch, but thought it was caused by overuse. Over the course of the day, the pain was pronounced in her right shoulder, and she experienced stiffness in both shoulders. However, she first noticed the pain "strongly" across her shoulders and back as she climbed down the scaffolding ladder upon completion of her the shift. The pain increased as she attempted, unsuccessfully, to remove her fire resistant coveralls. At that point, Ms. Hall told Barry Jones, J.E. Merit's general foreman, that something was wrong with her shoulders.
Ms. Hall testified specifically that no immediate, precipitous event caused her problem. She testified further that no particular incident such as knocking her shoulders or body into something occurred that day, and no incident such as something knocking her body occurred that day. Rather, she stated that she injured herself on the scaffold, but was unaware of the injury while she worked on the scaffold. She testified that she did not know she was injured until she climbed down from the scaffold at the end of the day.
The appellant concedes that the pertinent statutes and jurisprudence require that she prove the occurrence of a work-related accident and that she cannot point to one event that caused her injury. However, she asserts that she is "entitled to a presumption that the shoulder injury was the result of a work-related accident," because she experienced an unexpected change in her physical condition on August 19, 1999 that precluded her from subsequently working as a boilermaker. She cites the cases of Champagne v. State of Louisiana, et al., 01-0242 (La.App. 1 Cir. 3/28/02), 819 So.2d 1059 and Leblanc v. Cajun Painting, Inc., 94-1609 (La.App. 1 Cir. 4/7/95), 654 So.2d 800, writ denied, 95-1706 (La.10/27/95), 661 So.2d 1349 and 95-1655 (La.10/27/95), 661 So.2d 1350, in support of this contention. However, in each of those cases, the claimant alleged a particular event that resulted in his injury, and the issue before the court involved the credibility of the claimant and the quality of the other evidence of an accident that was filed into the record. As discussed fully below, Ms. Hall has failed to oppose the motion for summary judgment with facts that constitute an accident; therefore, issues of credibility and the weight of the evidence are not present herein. Hence, her reliance on this jurisprudence is misplaced.
It is well-settled that an accident exists when heavy lifting or strenuous efforts, although usual and customary, cause or contribute to a physical breakdown or accelerate its occurrence because of a pre-existing condition. The jurisprudence consistently construes liberally the requirement of a work-related accident to *228 be eligible for workers' compensation benefits. However, despite the liberal construction afforded the employee in a workers' compensation action, the employee's burden of proof is not relaxed. Bruno v. Harbert International, Inc., 593 So.2d 357, 360-361 (La.1992). The employee is still required to "identify the event marking the time when one can identify an injury." Dyson v. State Employees Group Benefits Program, 610 So.2d 953, 955 (La.App. 1 Cir.1992); see also Tate v. Cabot Corp., 01-1652 p. 5 (La.App. 3 Cir. 7/3/02), 824 So.2d 456, 461, writ denied, 02-2150 (La.11/22/02), 829 So.2d 1044.
Even accepting Ms. Hall's testimony as true, she cannot prove an accident. Ms. Hall is unable to identify a single, precipitous event that directly and proximately caused her alleged right shoulder injury. Ms. Hall's testimony of the mere onset of pain and her description of her work the day of the alleged accident are insufficient to carry her burden at trial of establishing that she was injured by a specific event while in the course and scope of her employment as defined by LSA-R.S. 23:1021. Therefore, she failed to adequately oppose her employer's motion for summary judgment with material facts that would allow a trier of fact to conclude that an accident had occurred, and summary judgment was proper.
For the foregoing reasons, the judgment of the Office of Workers' Compensation is affirmed. Costs are assessed to Carrie Hall.
AFFIRMED.
PETTIGREW, J., dissents and assigns reasons.
PETTIGREW, J., Dissents, and Assigns Reasons.
I am of the opinion that there are material issues of fact as to whether appellant had a work-related accident as defined by La. R.S. 23:1021(1) and interpreted by the courts of Louisiana.
I further am of the humble opinion that the medical records filed by appellee to support its motion for summary judgment did not meet all of the formal requirements of La.Code Civ. P. arts. 966 and 967 and that appellee failed to carry its initial burden on this motion for summary judgment.
Therefore, I respectfully dissent and would reverse the judgment below.