ROBERT M. MURPHY, Judge.
12Claimant/appellant, Chad Bourgeois, appeals the judgment rendered by the Office of Workers’ Compensation, District 7, granting defendants/appellees’, Versatech Automation Services, LLC and Seabright Insurance Company’s, motion for summary judgment and dismissing claimant’s claims with prejudice. For the reasons that follow, we affirm the judgment of the workers’ compensation court.
FACTS AND PROCEDURAL HISTORY
Claimant, Chad Bourgeois, was employed by defendant Versatech Automation Services, LLC as an electrician. Claimant alleges that he sustained a work-related injury to his knee on January 19, 2012, which did not manifest itself until early the next morning. Specifically, Mr. Bourgeois claims that on January 19, 2012, he was working in a “man basket” and running a conduit up a wall. This required him to climb in and out of the man basket and on top of pipes. Mr. Bourgeois first experienced pain associated with the alleged injury at issue when he woke up at approximately 2:00 a.m. on the morning of January 20, 2012 with a swollen knee. He reported his injury to his foreman on January 20, 2012 and sought medical treatment for his injury on January 21, 2012.
On April 24, 2012, Mr. Bourgeois filed a disputed claim for compensation against Versatech and its insurer, Seabright Insurance Company, seeking to |arecover for underpayment of benefits, entitlement to additional indemnity benefits and non-payment of medical expenses. On August 10, 2012, Versatech and Seabright filed a motion for summary judgment, alleging that claimant could not establish an “accident” within the meaning of La. R.S. 23:1021(1) because he could not identify an “actual, identifiable, precipitous event,” that occurred within the course and scope of his employment on January 19, 2012. In support of their motion for summary judgment, defendants submitted excerpts of claimant’s deposition transcript and medical records from his January 21, 2012 doctor visit.
In opposition to defendants’ motion for summary judgment, claimant contends that his deposition testimony established that he performed strenuous physical work activities sufficient to meet his burden of *52 proving an “accident” under 23:1021(1), based upon the holding of Bruno v. Harbert Int'l Inc., 593 So.2d 357 (La.1992). After a hearing on the matter on September 10, 2012, the worker’s compensation judge (“WCJ”) granted summary judgment in favor of defendants and signed a judgment on that same day. Mr. Bourgeois now appeals, asserting that the WCJ erred in granting summary judgment.
STANDARD OF REVIEW
Louisiana Code of Civil Procedure Article 966 provides that a motion for summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to summary judgment as a matter of law.” Kinchen v. Louie Dabdoub Sell Cars, Inc., 05-218 (La.App. 5 Cir. 10/6/05); 912 So.2d 715, 717, writ denied, 05-2356 (La.3/17/06); 925 So.2d 544 (citing La. C.C.P. art. 966(B)). It is well settled that appellate courts review summary judgments de novo, using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. Garrison v. Tanenbaum, 02-1181 (La.App. 5 Cir. 4/8/03); 846 So.2d 40, 42; (citing Smith v. Our Lady of the Lake Hosp., 93-2512 (La.7/5/94); 639 So.2d 730, 750). Therefore, this court must consider whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. Id.
The burden of proof remains with the movant. In considering a motion for summary judgment, the court shall render judgment “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” Rudolph v. D.R.D. Towing Co., LLC, 10-629 (La.App. 5 Cir. 1/11/11), 59 So.3d 1274, 1277 (citing La. C.C.P. art. 966). Once the motion for summary judgment has been properly supported by the moving party, the failure of the adverse party to produce evidence of a material factual dispute mandates the granting of the motion. Garrison, 846 So.2d at 43.
DISCUSSION
In his sole assignment of error, Mr. Bourgeois contends the WCJ erred in concluding that he could not meet his burden of proving an “accident” under La. R.S. 23:1021(1) because his deposition testimony showing that he performed strenuous work on the day of his injury was sufficient to establish an “accident” under La. R.S. 23:1021(1).
As a threshold requirement, a claimant in a workers’ compensation action must prove “personal injury by accident arising out of and in the course of his employment.” Blair v. Wal-Mart Stores, Inc., 2001-2211 (La.App. 4 Cir. 5/15/02); 818 So.2d 1042, 1047. Under La. R.S. 23:1021(1), an accident is defined as follows:
| ¡/‘Accident” means an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive deterioration.
La. R.S. 23:1021(1). The claimant has the burden of establishing an accident by a preponderance of the evidence. Shaw v. Arc of St. Charles, 00-1193 (La.App. 5 Cir. 11/28/00); 776 So.2d 542, 545. An accident exists when heavy lifting or strenuous efforts, although usual and customary; cause or contribute to a physical breakdown or *53 accelerate its occurrence because of a preexisting condition. Bruno v. Harbert Int’l, Inc., 593 So.2d 357, 359 (La.1992). The jurisprudence consistently construes liberally the requirement of a work-related accident to be eligible for workers’ compensation benefits. Hall v. J.E. Merit Constructors, Inc., 2002-2648 (La.App. 1 Cir. 11/7/03); 861 So.2d 224, 227-28. However, despite the liberal construction afforded the employee in a workers’ compensation action, the employee’s burden of proof is not relaxed. Id. The employee is still required to identify the event marking the time when one can identify an injury. Id.
A worker’s testimony alone may be sufficient to discharge his burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker’s version of the accident; and (2) the worker’s testimony is corroborated by the circumstances following the alleged incident. Shaw, 776 So.2d at 545. The WCJ’s determinations as to whether the worker’s testimony is credible and whether the worker satisfied his burden are factual determinations not to be disturbed on review unless clearly wrong or manifestly erroneous. Id.
During his deposition, Mr. Bourgeois testified that he did not know exactly when on January 19, 2012 his injury occurred. Instead, he testified that on January 19, 2012, he was climbing in and out of a man basket and on top of pipes. The first |fitime he experienced any pain associated with the injury in question was when he woke up at 2:00 a.m. on the morning of January 20, 2012 with a swollen knee. He reported the injury to his foreman on January 20, 2012. Mr. Bourgeois’ medical records indicate that he sought treatment for his injuries on January 21, 2012, at which time, he indicated that he had a regular day at work and did not recall experiencing a traumatic or painful event or doing anything out of the ordinary.
On appeal, Mr. Bourgeois makes the same argument that he presented to the WCJ. Specifically, Mr. Bourgeois contends that because he climbed in and out of the man basket and on top of pipes on January 19, 2012, he has shown that he performed strenuous physical work activities sufficient to meet his burden of proof as to an “accident” under 23:1021(1). He relies upon the holding of Bruno, supra, in support of this proposition.
Defendants contend that Bruno is not applicable because it relies upon the pre-amendment version of La. R.S. 23:1021(1), which defined an “accident” as “an unexpected or unforeseen event happening suddenly or violently, with or without human fault, and producing at the time objective symptoms of an injury.” Bruno, 593 So.2d at 360. After the 1988 accident in Bruno occurred, La. R.S. 23:1021(1) was amended on January 1, 1990 to require that claimants must prove an “actual, identifiable, precipitous event,” was the cause of a work-related injury. La. R.S. 23:1021(1) (emphasis added). Because claimant’s deposition testimony shows that he does not know how or when his alleged injury occurred on the day in question, defendants contend that the WCJ’s grant of summary judgment was proper because he cannot establish that an accident occurred as defined by La. R.S. 23:1021(1).
While we agree that an accident can be found to exist when heavy lifting or strenuous effort cause or contribute to a physical breakdown, the employee is still required to “identify the event marking the time when one can identify an injury.” Hall, 861 So.2d at 228. Accepting Mr. Bourgeois’ deposition testimony as true, he cannot prove an accident within the meaning of La. R.S. 23:1021(1) because he is unable to identify an “actual, identifiable, *54 precipitous event” that directly caused his alleged injury. Mr. Bourgeois’ testimony regarding the onset of pain and his description of work on the day in question are insufficient to meet his burden at trial of proving an accident as defined by La. R.S. 23:1021(1). As the WCJ concluded, Mr. Bourgeois failed to present any supporting evidence, through an affidavit or otherwise, to correlate his description of the work he performed to his alleged injury. Mr. Bourgeois’ testimony is insufficient to meet his burden of proving an accident under La. R.S. 23:1021(1) by a preponderance of the evidence.
Accordingly, we find that Mr. Bourgeois failed to raise a genuine issue of material fact as to whether he can carry his burden of proving an “accident” as defined by La. R.S. 23:1021(1). Therefore, defendants are entitled to summary judgment as a matter of law.
CONCLUSION
Because there are no genuine issues of material fact as to whether Chad Bourgeois can meet his burden of proving a work-related “accident” within the meaning of La. R.S. 23:1021(1), we find that the WCJ judge properly granted summary judgment in favor of defendants, Versa-tech Automation Services, LLC and Sea-bright Insurance Company, dismissing Mr. Bourgeois’ claims with prejudice. Accordingly, the judgment of the workers’ compensation court is affirmed.

AFFIRMED