ROBERT M. MURPHY, Judge.
| gClaimant/appellant, Gregorio Machado, appeals the judgment rendered by the Office of Workers’ Compensation, District 7, granting defendant/appellee’s, Baker Concrete Construction, motion for involuntary dismissal of claimant’s claims. For the *480 reasons that follow, we affirm the judgment of the workers’ compensation court.
FACTS AND PROCEDURAL HISTORY
Claimant was employed by defendant, Baker Concrete Construction, as a carpenter. Claimant alleges that he suffered from dehydration in a work-related incident on July 5, 2011. Specifically, he began to feel dizzy while working on a hot day at a job site. Claimant rested under a tarp and refreshed himself with a fan. Claimant was taken to the hospital by his supervisor, where he was diagnosed with dehydration.
On June 3, 2012, claimant filed a disputed claim for compensation, seeking payment for prescription medications and wage benefits for two weeks of missed work. The case proceeded to trial on January 28, 2013, where claimant appeared in proper person. Claimant testified regarding his description of the alleged work-_[related3 incident on July 5, 2011. Specifically, claimant testified that July 5, 2011 was a hot day and that the clothes they were wearing for their job security were “too much.” While he was working, he had a drink of water and began to feel dizzy. While he was resting under a tarp to recover from his dizziness, claimant testified that he crouched down and then “went back.” The security supervisor on the job that day arrived at the scene and told claimant that he needed to go to the hospital. Claimant testified that he did not need to go to the hospital because he felt refreshed. However, defendant requested that claimant go to the hospital to rule out a possible heart attack. Claimant testified that the hospital examined his lungs and diagnosed him with dehydration. He was also given a prescription for Albu-terol, an asthma medication, and a device to administer the Albuterol.
Claimant introduced his hospital discharge records into evidence, which indicated that he was discharged from the hospital that same day and released to return to work the following day without restrictions. He stated that defendant would not allow him to return to work until he was examined by one of defendant’s doctors at his own expense. Claimant also testified that the hospital informed him that defendant would not pay his medical bills or prescription expenses because he was not treated for a work-related injury.
At trial, claimant complained that he had been suspended from his job for seven days and that defendant refused to pay his medical expenses. Claimant also complained that he was laid off by defendant at some point after the alleged incident. Claimant testified that he filed a complaint with OSHA, which prompted the OWC judge to explain that the workers’ compensation court had nothing to do with lay offs or with his OSHA complaint. When asked what he was looking for in connection with this proceeding, claimant replied that he was “looking for this not to happen again.”
14At the close of claimant’s case, defendant moved for an involuntary dismissal of his claims, citing claimant’s failure to produce any evidence of a compensable work-related accident. The OWC court granted defendant’s motion for involuntary dismissal. Claimant now appeals pro se.
Defendant has answered claimant’s appeal, requesting an award of sanctions against claimant under La. C.C.P. art. 2164 for filing a frivolous appeal.
ASSIGNMENT OF ERROR
As an initial matter, we note that claimant’s pro se brief does not comply with the requirement of Uniform Rules, Court of Appeal, Rule 2-12.4. It contains no assignments of error, no record refer- *481 enees, and no jurisdictional statement. However, the courts of this State have considered workers’ compensation claimants’ nonconforming briefs in instances when they are filed' by pro se claimants. Costales v. Turner Indust., 05-36 (La.App. 5 Cir. 5/31/05); 905 So.2d 410, 412, writ denied, 05-1707 (La.1/9/06); 918 So.2d 1056; Cheatham v. Luberski, 43,603 (La. App. 2 Cir. 9/17/08); 996 So.2d 373. Because claimant is representing himself in this case, we will consider the merits of his appeal, despite the improper form of his appellant brief.
Although claimant does not list specific assignments of error as per our local rules, his argument on appeal appears to be that the OWC court erred in granting defendant’s motion for involuntary dismissal because claimant presented sufficient evidence proving the existence of a compensable work-related accident.
STANDARD OF REVIEW
In a motion for involuntary dismissal, the defendant may move for a dismissal of the action against him after the close of the plaintiffs case, where the plaintiff has shown no right to relief based upon the facts and law. Brock v. Singleton, 10-550 (La.App. 5 Cir. 3/29/11); 65 So.3d 649, 660, writ denied, ll-jl216s (La.9/23/11); 69 So.3d 1160. The appropriate standard in determining whether an involuntary dismissal should be granted is whether the plaintiff has presented sufficient evidence in his case-in-chief to establish his claim by a preponderance of the evidence. Id. An appellate court may not reverse a ruling on a motion for involuntary dismissal unless is it manifestly erroneous or clearly wrong. Id.
DISCUSSION
An employee is entitled to compensation benefits if he or she suffers a personal injury by an accident arising out of and in the course of employment. Bux-ton v. Iowa Police Dept., 09-0520 (La.10/20/09); 23 So.3d 275, 283; La. R.S. 23:1031. As a threshold requirement, a claimant in a workers’ compensation action must prove “personal injury by accident arising out of and in the course of his employment.” Blair v. Walr-Mart Stores, Inc., 01-2211 (La.App. 4 Cir. 5/15/02); 818 So.2d 1042, 1047 (emphasis in original). Under La. R.S. 23:1021(1), an accident is defined as follows:
“Accident” means an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive deterioration.
The claimant has the burden of establishing an accident by a preponderance of the evidence. Shaw v. Arc of St. Charles, GO-1193 (La.App. 5 Cir. 11/28/00); 776 So.2d 542, 545. The jurisprudence consistently construes liberally the requirement of a work-related accident to be eligible for workers’ compensation benefits. Hall v. J.E. Merit Constructors, Inc., 02-2648 (La. App. 1 Cir. 11/7/03); 861 So.2d 224, 227-28. Despite the liberal construction afforded the employee in a workers’ compensation action, the employee’s burden of proof is not relaxed. Id. The | (¡employee is still required to identify the event marking the time when one can identify an injury. Id.
A worker’s testimony alone may be sufficient to discharge his burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker’s version of the accident; and (2) the worker’s testimony is corroborated by the circumstances following the alleged incident. Shaw, 776 *482 So.2d at 545. The WCJ’s determinations as to whether the worker’s testimony is credible and whether the worker satisfied his burden are factual determinations not to be disturbed on review unless clearly wrong or manifestly erroneous. Id.
Where an employee seeks to recover workers’ compensation benefits for heart-related or perivascular injuries, La. R.S. 23:1021(8)(e) imposes an elevated burden of proof (clear and convincing) in order to recover benefits for such injuries. Hatcherson v. Diebold, Inc., 00-3263 (La.5/15/01); 784 So.2d 1284, 1287. The purpose of this heightened burden is to exclude from coverage employees who just happen to suffer heart-related or perivas-cular injuries at work. Harge v. MCC Specialty Contractors, Inc., 94-790 (La. App. 5 Cir. 2/15/95); 650 So.2d 425, 427, writ denied, 95-0611 (La.4/21/95); 653 So.2d 574.
La. R.S. 23:1021(8)(e) provides as follows:
A heart-related or perivascular injury, illness, or death shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter unless it is demonstrated by clear and convincing evidence that:
(i) The physical work stress was extraordinary and unusual in comparison to the stress or exertion experienced by the average employee in that occupation, and
(ii) The physical work stress or exertion, and not some other source of stress or preexisting condition, was the predominant and major cause of the heart-related or peri-vascular injury, illness or death.
|7In essence, the two prongs of La. R.S. 23:1021(8)(e) both involve a comparison of the physical work stress experienced by the employee to (1) the stress experienced by the average employee in that occupation; and (2) some other source of stress or preexisting condition. Hatcherson, 784 So.2d at 1290-91.
At trial, the only evidence claimant introduced in support of his alleged work-related accident was his own testimony and his hospital discharge records, releasing him to return to work on the day after he was diagnosed with dehydration. He merely testified that he had been “working” on a hot day prior to experiencing dizziness. Under La. R.S. 23:1021(1), claimant is required to identify “an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury.” Claimant’s testimony regarding the onset of dizziness while “working” on the day in question is insufficient to meet his burden of proof regarding an accident as defined by La. R.S. 23:1021(1). Claimant did not identify any compensable injury-causing event, and therefore, the OWC court properly concluded that claimant failed to present sufficient evidence in his case-in-chief to establish his claim by a preponderance of the evidence.
The OWC also properly concluded that claimant failed to establish a heart-related or perivascular injury under La. R.S. 23:1021(8)(E). Claimant was diagnosed with dehydration on July 5, 2011. Even assuming dehydration constitutes a heart-related or perivascular injury under La. R.S. 23:1021(8)(E), claimant has not offered any evidence establishing the heightened burden of proof under that statute. Specifically, such injuries are not compensable unless it is demonstrated by clear and convincing evidence that: (1) the physical work stress |swas extraordinary and unusual in comparison to the stress or *483 exertion experienced by the average employee in that occupation, and (2) the physical work stress or exertion, and not some other source of stress or preexisting condition, was the predominant and major cause of the heart-related or perivascular injury. Because claimant did not offer any evidence of the specific work he was performing at the time of the incident, the OWC court properly found that claimant failed to show that he was engaged in any extraordinary or unusual work stress at the time of his injury. Therefore, claimant has failed to present any sufficient evidence of a heart-related or perivascular injury under La. R.S. 23:1021(8)(E).

Sanctions for Frivolous Appeal

In answering claimant’s appeal, defendant contends that claimant’s appeal is frivolous. The imposition of damages for a frivolous appeal is regulated by La. C.C.P. art 2164. Courts have been very reluctant to grant damages under this article as it is penal in nature and must be strictly construed. Lee v. Alton Ochsner Med. Found., 01-650 (La.App. 5 Cir. 10/17/01); 798 So.2d 1225, 1229, writ denied, 01-3084 (La.2/1/02); 807 So.2d 853, citing Guarantee Systems Const. & Restoration, Inc. v. Anthony, 97-1877 (La.App. 1 Cir. 9/25/98); 728 So.2d 398, 405, writ denied, 98-2701 (La.12/18/98); 734 So.2d 636. “In order to assess damages for a frivolous appeal, it must appear that the appeal was taken solely for delay or that appealing counsel does not sincerely believe in the view of law he advocates.” Id. Notably, Mr. Machado is a pro se litigant on appeal. Even though Mr. Machado’s arguments did not persuade this Court, we conclude that his arguments were not presented in bad faith solely for purposes of harassment or delay. Nor can we say that he did not sincerely believe in the position he advocates. Therefore, we find that damages for a frivolous appeal are not warranted in this case.
^CONCLUSION
For the reasons stated herein, we find that the OWC court properly granted defendant Baker Concrete Construction’s motion for involuntary dismissal, dismissing claimant Gregorio Machado’s claims with prejudice. Accordingly, the judgment of the workers’ compensation court is affirmed. Defendant’s request for costs and attorney’s fees under La. C.C.P. art. 2164 is denied, and each party shall bear his/its own costs for this appeal.
AFFIRMED.