THERIOT, J.
|2The plaintiff-appellant, Vennette Sheridan, seeks reversal of the summary judgment of the Office of Workers’ Compensation, District 6 (OWC), granted in favor of the appellee, Pride & Hope Ministry Family Support Services (P & H), which dismissed her disputed claim for compensation with prejudice. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
Ms. Sheridan filed a disputed claim for compensation against P & H on November 5, 2012. In her claim, she alleges that on or about July 24, 2012, while employed by P & H as a medical assistant, she injured her back, shoulders, and neck while lifting and transferring a patient. She reported her injury to P & H on August 3, 2012, one day after seeking medical attention for her injury. Ms. Sheridan complained that P & H did not pay her wage benefits after sustaining her injury, that P & H refused to authorize medical treatment authorized by her physicians, and that she was not placed on total temporary disability status. Ms. Sheridan also requested that statutory penalties and attorney fees with interest be paid pursuant to the Louisiana Workers’ Compensation Act, La. R.S. 23:1021 et seq.
Upon learning Ms. Sheridan’s medical and injury history through discovery, P & H claimed in its amended pretrial statement that Ms. Sheridan had been fraudulent in her statements about her prior medical history, since it was discovered that she had been injured in four automobile accidents from 1991 to 2007, where she made injury claims to her cervical, neck and head area.
While Ms. Sheridan had denied ever being placed on restriction of activity, P & H claimed it had discovered that she had once missed work due to one of the prior automobile accidents. P & H claims that Ms. Sheridan’s |aphysician, Dr. Paul Doty, had examined her and released her to return to work on January 1, 2013; however, Ms. Sheridan never returned to work. P & H also claims that Dr. Doty had never specified any kind of treatment for her injuries. P & H further argued that Ms. Sheridan cannot prove she sustained a work-related injury since she did not report the injury until August 3, 2012, more than one week after Ms. Sheridan claimed it happened. P & H also alleged that the patient Ms. Sheridan had lifted when she supposedly injured herself denied seeing or hearing her complain of an injury. Since no medical records exist from July 24, 2012, and since she had been allegedly untruthful about her previous injuries, P & H argued Ms. Sheridan cannot prove any injury occurred on July 24, 2012.
P & H filed a motion for summary judgment based on the contention that Ms. Sheridan could not carry her burden at trial to prove she sustained a work-related injury. The hearing was held by OWC on May 24, 2013. Ms. Sheridan, who was unrepresented, did not appear in court. OWC found that Ms. Sheridan could not sustain her burden of proof at trial and ruled in favor of P & H, dismissing her claim with prejudice.
Following the ruling, Ms. Sheridan sent a handwritten letter to OWC requesting *719 that the matter be reinstated since she was unable to attend the hearing due to hardship. OWC reinstated the matter on July 3, 2013. OWC then vacated the reinstatement on July 15, 2013, and advised Ms. Sheridan that she could appeal the judgment signed on May 28, 2013. Ms. Sheridan filed a handwritten, pro se motion for a devolutive appeal on July 25, 2013. P & H timely filed an answer to Ms. Sheridan’s appeal, seeking modification of OWC’s judgment to include a finding that Ms. Sheridan violated La. R.S. 23:1208, plus defense expenses and costs.
I ¿ASSIGNMENTS OF ERROR
As an initial matter, we note that claimant’s pro se brief does not comply with the requirements of Uniform Rules, Court of Appeal, Rule 2-12.4. It contains no assignments of error, no record references, and no jurisdictional statement. However, the courts of this State have considered workers’ compensation claimants’ nonconforming briefs in instances when they are filed by pro se claimants. See Putman v. Quality Distribution, Inc., 11-0306 (La.App. 1 Cir. 9/30/11), 77 So.3d 318, 320; Costales v. Turner Indust., 05-36 (La.App. 5 Cir. 5/31/05); 905 So.2d 410, 412, writ denied, 05-1707 (La.1/9/06); 918 So.2d 1056. Because Ms. Sheridan is representing herself in this case, we will consider the merits of her appeal, despite the improper form of her appellant brief. See Franklin v. Slidell Police Dept, 12-0539 (La.App. 1 Cir. 12/31/12), 112 So.3d 257, 261, writ denied, 13-0471 (La.4/5/13), 110 So.3d 592; See also Machado v. Baker Concrete Const., 13-273 (La.App. 5 Cir. 10/30/13), 128 So.3d 477, 480.
The content of Ms. Sheridan’s two-page, handwritten brief indicates that she is dissatisfied with OWC’s ruling on the motion for summary judgment. As such, we will review that ruling and determine if any reversible errors exist.
STANDARD OF REVIEW
Ordinarily, in workers’ compensation cases, the appropriate standard of review to be applied by the appellate court to OWC’s findings of fact is the “manifest error-clearly wrong” standard. Dean v. Southmark Construction, 03-1051, (La.7/6/04), 879 So.2d 112, 117; See also Chatagnier v. 1st A Southeast Incs, L.L.C., 12-1314 (La.App. 1 Cir. 4/26/13), 115 So.3d 1167, 1171, writ denied, 13-1186 (La.8/30/13), 120 So.3d 270. However, because the issues before us have been raised in a | .¡summary judgment proceeding, we must review the ruling de novo, using the same criteria applied by OWC. Carral v. Winn-Dixie Louisiana, Inc., 05-1482, p. 4 (La.App. 1 Cir. 6/9/06), 938 So.2d 799, 801; Guidry v. Stabil Drill Specialist, 05-1562, p. 3 (La.App. 3 Cir. 5/3/06), 929 So.2d 814, 816.
DISCUSSION
Louisiana Code of Civil Procedure art. 966(C)(2) states as follows:
The burden of proof [in a motion for summary judgment] remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden' on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of *720 proof at trial, there is no genuine issue of material fact.
In the instant case, the movant was the defendant, P & H. Since P & H would not bear the burden of proof at trial, it only had to point out to OWC that Ms. Sheridan did not have factual support in one essential element of her claim to meet her burden of proof at trial. At the hearing on the motion, P & H presented the first report of Ms. Sheridan’s injury dated August 3, 2012, her medical records, an affidavit of the patient she lifted on July 24, 2012, Ms. Sheridan’s deposition, and Dr. Doty’s examination records of Ms. Sheridan, among other exhibits. After reviewing these exhibits and the record as a whole, we find that OWC was correct to grant the motion for summary judgment.
The evidence presented to OWC shows that there is no proof that Ms. Sheridan was injured on July 24, 2012, outside of her own allegations. Since Ms. Sheridan did not initially seek treatment until August 2, 2012, nine days after she claims to have been injured, and no report of the injury Uprior to that date was admitted, OWC was right to conclude that Ms. Sheridan had no corroborating proof that her injury occurred while in the scope of her employment with P & H. Additionally, the affidavit of the patient that Ms. Sheridan lifted states he did not hear or see Ms. Sheridan act as though or say she was hurt after moving him. In her deposition, Ms. Sheridan denies having previous injuries to her back, neck, and shoulders, except for injuries sustained in an automobile approximately ten years earlier, but her statements are contradicted by her medical records. Since Ms. Sheridan was absent at the hearing, she failed to produce evidence to show that she could in fact meet her evidentiary burden at trial.
CONCLUSION
P & H sufficiently proved to OWC that Ms. Sheridan would be unable to prove at trial that her injury occurred while in the scope of her employment. While P & H questioned Ms. Sheridan’s credibility at the motion hearing, it was enough to point out that she lacked any evidence to prove the injury occurred -at the time she claimed.[1]
DECREE
The ruling of the Office of Workers’ Compensation on the motion for summary judgment in favor of the appellee, Pride & Hope Ministry Family Support Services, is affirmed. All costs of this appeal are assessed to Ms. Sheridan.
AFFIRMED.

. In its amendment to its pretrial statement, P & H first made the claim that Ms. Sheridan intentionally made false statements concerning her medical history in violation of La. R.S. 23:1208 and 23:1208.1. thereby forfeiting her right to file a claim and making her liable for penalties and attorney fees. In the hearing for the motion for summary judgment, OWC only ruled on the motion itself and stated that "[t]he issue of fraud is not ruled on.” Since P & H's fraud claim would require its own hearing which has not yet been undertaken by OWC, we cannot consider the issue here nor modify OWC's judgment to include an award for penalties or attorney fees as requested by P & H in its answer to Ms. Sheridan’s appeal. See Teano v. Electrical Const. Co., 02-2032, pp. 11-12 (La.App. 1 Cir. 5/9/03), 849 So.2d 714, 723.