# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 18-932

**GILBERT ESPREE, JR.**

**VERSUS**

**VANOIL COMPLETION SYSTEMS**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION – DISTRICT NO. 4
PARISH OF ST. LANDRY, NO. 17-06635
ANTHONY PALERMO, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

## VAN H. KYZAR
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Elizabeth A. Pickett, and Van H. Kyzar, Judges.

**REVERSED AND REMANDED.**

**Chris Richard**
**730 Jefferson Street**
**Lafayette, LA 70501**
**(337) 234-5505**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
      **Gilbert Espree, Jr.**

**Eric J. Waltner**
**Allen & Gooch, A Law Corporation**
**P. O. Box 81129**
**Lafayette, LA 70598-1129**
**(337) 291-1400**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **Vanoil Completion Systems**

**KYZAR, Judge.**

The plaintiff, Gilbert Espree, Jr., appeals from a judgment of the Office of Workers Compensation granting summary judgment in favor of the defendant, Vanoil Completion Systems, dismissing his claim for workers' compensation benefits. For the reasons assigned, we reverse and remand.

## DISCUSSION OF THE RECORD

Mr. Espree, a sixteen-year employee of the defendant, Vanoil Completion Systems (Vanoil), claimed that he suffered a work-related injury, which resulted in the filing of a disputed claim for compensation on October 16, 2017. Mr. Espree was employed by Vanoil as press operator and hydrostatic tester, and his job duties included lifting, turning, and loading extremely heavy sections of pipe, called mandrels. Mr. Espree claimed that during the week of February 6, 2017, he sustained a rupture of a periumbilical hernia, together with lower back injuries, as a result of his heavy and strenuous work activity throughout the week. While Mr. Espree's original disputed claim asserted that the date of the injury was February 6, 2017, and the answer by Vanoil reflects a denial of the claim occurring on this date, his amended disputed claim for compensation, which was filed on March 7, 2018, asserted that the incident occurred on February 10, 2017.

Vanoil filed a motion for summary judgment on January 25, 2017. Following a July 30, 2018 hearing, the workers' compensation judge (WCJ) granted Vanoil's motion and signed a judgment that same day. However, the judgment, which was undated, merely stated that the motion for summary judgment was granted, without further decretal language, and was not designated as a final appealable judgment. Mr. Espree filed a petition for appeal, which was granted on September 13, 2018. On the lodging of the appeal, we filed a rule to show cause why the appeal should not be dismissed as having been taken from a judgment lacking proper decretal

language. Our rule was withdrawn on the filing of an amended judgment from the WCJ, dated December 12, 2018, which included the proper decretal language, granting Vanoil's motion for summary judgment, and dismissing Mr. Espree's claim with prejudice.

In this appeal, Mr. Espree asserts that the WCJ "erred in granting Appellee's Motion for Summary Judgment because the Appellee's Motion did not prove that there was no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law on the issue of whether Appellant suffered a work related accident."

## OPINION

Louisiana Code of Civil Procedure Article 966 provides that summary judgment procedure is favored and "is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969." La.Code Civ.P. art. 966(A)(2). It further provides that summary judgment "shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3). Although the burden of proof rests with the mover, if the mover will not bear the burden of proof at trial, then he need only point out to the trial court "the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." La.Civ.Code art. 966(D)(1). Once this occurs, the burden shifts to "the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.*

The supreme court in *Smitko v. Gulf South Shrimp, Inc.*, 11-2566, pp. 7-8 (La. 7/2/12), 94 So.3d 750, 755, set forth our appellate standard of review of summary judgments, as follows:

2

Appellate review of the granting of a motion for summary judgment is *de novo*, using the identical criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Bonin v. Westport Ins. Corp.*, 05-0886, p. 4 (La.5/17/06), 930 So.2d 906, 910; *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342, 345 (La.1991). A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966; *Duncan v. USAA Ins. Co.*, 06-0363, p. 4 (La.11/29/06), 950 So.2d 544, 546-547. A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Hines v. Garrett*, 04-0806, p. 1 (La.6/25/04), 876 So.2d 764, 765 (*per curiam*)(citing *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751). A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Hines*, 876 So.2d at 765-66.

In *Hines v. Garrett*, 04-806, p. 1 (La. 6/25/04), 876 So.2d 764, 765 (per curiam) (alteration in original), the supreme court stated:

> We review a district court's grant of summary judgment *de novo*, viewing the record and all reasonable inferences that may be drawn from it in the light most favorable to the non-movant. Summary judgment is warranted only if "there is no genuine issue as to material fact and [ ] the mover is entitled to judgment as a matter of law." La.Code Civ. Proc. art. 966(C)(1). In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party's favor.

It is well-settled that the workers' compensation laws of this state should be liberally interpreted in favor of the worker. *Bynum v. Capital City Press, Inc.*, 95-1395 (La. 7/2/96), 676 So.2d 582. "[A]s in other civil actions, the plaintiff-worker in a compensation action has the burden of establishing a work-related accident by a preponderance of the evidence." *Bruno v. Harbert Int'l Inc.*, 593 So.2d 357, 361 (La.1992).

The question before this court is whether there is any issue of material fact as to whether Mr. Espree suffered a personal injury from an identifiable accident during

3

the course and scope of his employment with Vanoil. An employee who "receives personal injury by accident arising out of and in the course of his employment" is entitled to workers' compensation benefits from his employer. La.R.S. 23:1031. An accident is defined as "an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration." La.R.S. 23:1021.

In *Montu v. Boise Cascade Co.*, 14-1248, pp. 5-6 (La.App. 3 Cir. 4/1/15), 160 So.3d 637, 642, *writ denied*, 15-870 (La. 6/5/15), 171 So.3d 952 (alterations in original), this court stated:

> When an employee alleges an injury under the Workers' Compensation Act, he carries the burden of proving the accident occurred, and that he suffered a disability as a result of that accident, by a preponderance of the evidence. *Bruno v. Harbert Int'l. Inc.*, 593 So.2d 357 (La.1992). The employee must show that the accident "directly produc[ed] at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration." La.R.S. 23:1021(1). *See also Romero v. Chabillis' Tire Serv. Inc.*, 97-1722, p. 4 (La.App. 3 Cir. 5/6/98), 714 So.2d 803, 804. However, "[a]n accident exists when heavy lifting or strenuous efforts, although usual and customary, cause or contribute to a physical breakdown or accelerate its occurrence because of a pre-existing condition." *Bourgeois v. Seabright Ins. Co.*, 12-834, p. 5 (La.App. 5 Cir. 4/10/13), 115 So.3d 50, 52-53.

By its motion for summary judgment, together with the documents and depositions submitted in support thereof, Vanoil has indeed raised the absence of factual support for one or more elements of Mr. Espree's claim, being proof that he suffered an accident. Vanoil offered a portion of Mr. Espree's deposition, in support of its motion for summary judgment, wherein he discussed how he was injured.

In his deposition, Mr. Espree stated that he was in pain on February 8 and 9, 2017, but he did not tell anyone with Vanoil about his pain until February 10, 2017, when he told Orell Daigle, Vanoil's quality assurance manager, that he was hurting

4

and needed to see a doctor. He stated that he was unaware that he had suffered an injury until he saw the doctor, who sent him for x-rays and a CT scan. He said that he thought that his stomach and back pain were just age- and work-related. Mr. Espree stated that he felt that his work-related injury was related to a big job that he was working on the week of his injury, although he could point to no specific incident as the cause of his hernia. Although he stated that he did not overstrain, he later said that his doctor told him that he had overstrained.

Mr. Espree stated:

A. No. I didn't strain or nothing. It was just consistent - - I don't know the word I want to say.

   MR. RICHARD:

   Wear and tear on your body?

   THE WITNESS:

   Wear and tear on your body come - - you know, just straight - - just - - just over and over.

Mr. Espree stated that he first realized that he had suffered a work-related injury when he saw the doctor on Monday, February 13, 2017.

Q. So basically what's going on is that you're doing repetitive type activities for a long time, for years - -

A. Yes.

Q. - - and what you - -

A. Yes.

Q. - - what you believe is the accumulation of the years and years of you doing this repetitive type activity is what you believe caused you to have your hernia?

A. Yes.

Q. All right. And that's why, when you went to the doctor on Monday, the - - what can we say, the 13th?

A. Yeah.

5

Q.  -- the 13th, that is why at that point in time you, for the first time, realized that you had hurt yourself at work?

A.  Yeah.

Q.  And that's based on the doctor telling you that he was the repetitive wear and tear accumulation type situation?

A.  Yeah. He said that I had over strained.

Q.  Okay. Is there anything you would have brought me to that you think that any one thing that you did that you over strain on, or is it just this accumulation?

A.  Just accumulation. I don't have -- I didn't have two jobs. I only had one job.

As Vanoil established the absence of factual support for one or more elements essential to Mr. Espree's claim, that an identifiable accident occurred, the burden shifted to Mr. Espree to produce factual support sufficient to establish a genuine issue of material fact as to whether he can prove that he suffered an accident, as defined by La.R.S. 23:1021(1).

In his affidavit, Mr. Espree stated the following:

I was employed by Vanoil Completion Services for 16 years as a Press Operator and Hydrostatic Tester.

My job duties included lifting, turning, and loading extremely heavy sections of pipe, called mandrels.

The week of February 6 - 10, 2017, was extremely busy. I was working with 4 ½ BRO/SL2 Mandrels, which weigh approximately 800 pounds.

I had to physically ram, by hand, a 40/50 pound piece of iron, called a "running tool" several times into the pocket or entry slot of the mandrel, to force/load a valve through that pocket to the end of the mandrel.

On February 10, 2017, while I was ramming the running tool against the valve, I felt like I had a knife stabbing me in my lower abdomen and increased back pain. I took a break and then went to the bathroom for a brief rest.

My brother, Christopher Espree, also an employee of Vanoil, saw me coming out of the bathroom, bent over in pain. He took over my job, as I could not perform my job duties anymore.

Shortly thereafter, I informed Orell Daigle, the QA Manager at Vanoil, that I needed medical attention. Mr. Daigle instructed me to go to the doctor and get myself checked out.

Mr. Espree further submitted a portion of his deposition, which reads in part as follows:

Q. ... Monday, the 6th, it is a seven on February the 7th, which is a Tuesday. What about on Wednesday, how is it then?

A. At least a [sic] eight.

Q. Okay. And then Thursday, what is the pain on the Thursday?

A. The Thursday, it was still at - - between a [sic] eight and a nine.

Q. Okay. And on Friday, the 10th - -

A. Yeah.

Q. - - that's when it gets to a 10?

A. Yeah. It got real bad.

Q. All right. And on the Monday, when you started feeling these symptoms, did you communicate anything to the employer about symptoms or injury or accident or anything like that?

A. I called the - - the girl in the front, Amanda, and I told her I was feeling real bad, and I needed to go to a doctor.

Q. All right. And when you say you told her you were "feeling real bad" - -

A. Yeah.

Mr. Espree also submitted the affidavit of his brother, Christopher Espree, who was also employed by Vanoil:

I have been employed by Vanoil Completion Services for 14 years as a Robot Operator and Inside Diameter Grinder.

The week of February 6 - 10, 2017, was extremely busy at Vanoil. We were trying to get out an order of 4 ½ BRO/SL2 Mandrels.

7

I was sent to help my brother, Gilbert, with completing the order on February 10, 2017.

Gilbert was working with a running tool, repeatedly ramming the valve through the hole in the mandrel. Each valve has to be rammed with the running tool 8 to 10 times. We were hurrying, trying to finish the last 20 mandrels to complete the order. While working with the running tool, Gilbert stopped suddenly and said, "Hold up, hold up, I gotta take a break" and grabbed his stomach. Gilbert leaned on the pipe rack and I could see that he was suddenly in excruciating pain. Then Gilbert walked to the bathroom. When Gilbert returned, I could see the pain on his face. I could tell that something had happened because he could no longer lift or push to help finish the job.

I heard Gilbert tell Orell Daigle, the QA Manager at Vanoil, that he needed to go to the doctor. Orell replied, "You need to go check yourself out."

Based on the evidence presented by Mr. Espree, we find that he has presented factual support sufficient to raise a genuine issue of material fact as to whether he suffered a work-related accident. Despite Mr. Espree's deposition testimony regarding gradual wear and tear, there is evidence, based on his and his brother's affidavits, that he suffered an unexpected actual, identifiable, precipitous event, which happened suddenly or violently, and which directly produced objective findings of a periumbilical hernia. Although Mr. Espree could not point to a particular incident as evidence of an accident, his and his brother's affidavits both indicate that he began experiencing debilitating pain when he was physically ramming a forty to fifty pound piece of iron into the entry slot of an 800 pound piece of pipe. According to *Montou*, 160 So.3d 637, this would qualify as a work-related accident.

Even if Mr. Espree's hernia was preexisting, "a workers' preexisting condition does not bar his or her recovery under the workers' compensation laws because an employer takes the workers as he finds him or her. An abnormally susceptible workers is entitled to no less protection under the workers' compensation statute than a healthy worker." *Baker v. Conagra Broiler Co.*, 93-1230, p. 8 (La.App.

8

3 Cir. 5/4/94), 640 So.2d 494, 498, *writ denied*, 94-1435 (La. 9/23/94), 642 So.2d 1289 (citations omitted). Accordingly, we reverse the trial court's grant of summary judgment in favor of Vanoil and remand the matter for further proceedings.

## DISPOSITION

Based on the foregoing, we reverse the judgment of the workers' compensation judge granting summary judgment in favor the defendant, Vanoil Completion Systems, and remand the matter for further proceedings. The costs of this appeal are assessed to Vanoil Completion Systems.

**REVERSED AND REMANDED.**