**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2020 CA 0146

JACQUELINE CARR, INDIVIDUALLY AND IN HER CAPACITY OF HEIR
TO EVELLA FACIANE CARR, SUCCESSOR IN INTEREST TO ALFRED E.
CARR, JR., TRUSTEE FOR JASON EDWARD CARR, ET AL

VERSUS

ST. TAMMANY PARISH, LOUISIANA A POLITICAL SUBDIVISION OF
THE STATE OF LOUISIANA, OPERATING UNDER A PRESIDENT
COUNCIL HO[M]E RULE CHARTER, BY AND THROUGH ITS PRESIDENT,
HON. PATRICIA BRISTER, ARCHON INFORMATION SYSTEM, LLC, A
DELAWARE CORPORATION, D/B/A CIVICSOURCE; HON. E.L. "GENE"
BELLASARIO, PARISH COUNCILMAN, DISTRICT 9, ST. TAMMANY
PARISH, LA.

Judgment rendered: **FEB 2 4 2021**

* * * * *

On Appeal from the
Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
No. 2017-12356, Div. "C"

The Honorable Richard A. Swartz, Judge Presiding

* * * * *

Jacqueline Carr                          In Proper Person
Slidell, Louisiana

Joseph L. Alphonse                       Attorneys for Defendants/Appellees
Cary Menard                              St. Tammany Parish, Louisiana, A
Michael A. Sevante                       Political Subdivision of the State of
Emily G. Couvillon                       Louisiana, Operating under a
Mandeville, LA                           President Council Home Rule Charter,
                                         By and through its President Hon.
                                         Patricia Brister, Hon. E.L. "Gene"
                                         Bellasario, Parish Councilman,
                                         District 9, St. Tammany Parish, LA

BEFORE: McDONALD, HOLDRIDGE, AND PENZATO, JJ.

**HOLDRIDGE, J.**

The plaintiff, Jacqueline Carr, individually and in her capacity as heir to Evella Faciane Carr, successor in the interest to Alfred E. Carr, Jr., and trustee for Jason Edward Carr, appeals a judgment that dismissed her claims with prejudice. For the reasons that follow, we affirm the trial court's judgment and issue this opinion in accordance with Uniform Rules of Louisiana Courts of Appeal, Rules 2–16.2A(2), (4), (6), and (8).

## FACTS AND PROCEDURAL HISTORY

This case originates from a petition filed by the plaintiff in 2017 to nullify a tax sale based on an alleged violation of the St. Tammany Parish Home Rule Charter. In 2017, the plaintiff also filed an "Exception to Rule to Show Cause, Lack of Procedural Capacity, Conversion to Writ of Quo Warranto, St. Tammany Parish Home Rule Charter … ." In response, the defendants, Michael A. Sevante and Joseph L. Alphonse for St. Tammany Parish Government and Hon. E.L. "Gene" Bellasario, in his capacity as St. Tammany Parish Councilman, District 9, filed a peremptory exception raising the objections of non-joinder of a party, no right of action, and no cause of action. On January 10, 2018, the trial court signed a judgment[1] that sustained the defendants' exceptions and allowed the plaintiff thirty days to amend her petition to add the St. Tammany Parish Sheriff as an indispensable party and set forth ownership interest in the subject property.

On March 1, 2019, the plaintiff filed a "Petition to Annul Judgment on Exceptions, January 10, 2018, and Judgment on Exception February 6, 2018[2] and

---

[1] The plaintiff appealed the January 10, 2018 judgment to this Court. However, the appeal was dismissed on this court's unpublished *ex proprio motu* rule to show cause because the judgment lacked proper decretal language and was not a final judgment since it allowed the plaintiff an opportunity to amend her petition. Carr v. St. Tammany Parish, et al., 2018-0361 (La. App. 1 Cir. 6/4/18) (unpublished action).

[2] On February 6, 2018, the trial court signed a judgment that denied with prejudice the plaintiff's "Exception to Rule to Show Cause, Lack of Procedural Capacity, Conversion to Writ of Quo Warranto, St. Tammany Parish Home Rule Charter … ."

for Damages."[3]  In her petition, the plaintiff prayed that the trial court declare as absolute nullities the January 10, 2018 and February 6, 2018 judgments and that she be awarded damages.  Consequently, the defendants[4] filed a motion to dismiss with prejudice.  The defendants argued that the plaintiff's March 1, 2019 petition "fail[ed] to cure either exception sustained by th[e] Court in its January 10, 2018 Judgment on Exceptions."  Therefore, the defendants argued that the plaintiff's failure to amend the petition to cure the peremptory exceptions should result in a mandatory dismissal under La. C.C.P. art. 934.[5]

On September 19, 2019, the trial held a hearing wherein it granted the defendants' motion to dismiss with prejudice.  A final judgment was signed on November 6, 2019.  In its reasons for judgment, the trial court stated "[t]he Court finds Plaintiff's [March 1, 2019] petition fails to remove the grounds of the objection pleaded by the peremptory exceptions to the Original Petition."  Subsequently, the plaintiff appealed.[6]

We note that the plaintiff's *pro se* brief fails to comply with the applicable Uniform Rules of Louisiana Courts of Appeal, Rules, 2–12.2B, 2–12.2D(2), and 2–12.4.  The brief does not have a table of contents with page references, does not contain any record references, does not have briefing of arguments confined to the issues on appeal, and does not have a jurisdictional statement.  The brief further

---

[3] The plaintiff named as defendants, Michael A. Sevante, Joseph A. Alphonse, Hon. Patricia Brister, Hon. E.L. "Gene" Ballasario, and St. Tammany Parish.

[4] We note that "defendants" refers to St. Tammany Parish Government, Hon. E.L. "Gene" Bellasario, Michael A. Sevante and Joseph A. Alphonse, who were named in their capacities as former employees of St. Tammany Parish Government.  Although Hon. Patricia Brister was named as a defendant, the record reflects that no pleading was filed on her behalf and the judgment does not address Ms. Brister.

[5] Louisiana Code of Civil Procedure Article 934 provides, in pertinent part, "[i]f the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed."

[6] We note that although the plaintiff listed multiple judgments in her "Petition for Appeal and Order for Appeal" (judgments dated November 6, 2019, November 14, 2019, and November 25, 2019) only the November 6, 2019 judgment is a final appealable judgment. See La. C.C.P. art. 1915(A).

3

does not have numbered pages, does not use computer or typewritten fonts, does not have a table of contents or table of authorities, and does not have the applicable standard of review. The cover of the brief does not comply with any of the requirements of Uniform Rules—Courts of Appeal, Rules 2–12.3. While the sanction to be imposed for a non-conforming brief is discretionary, this Court routinely considers non-compliant briefs when filed by *pro se* parties. See Sheridan v. Pride & Hope Ministry Family Support Services, 2013-1666 (La. App. 1 Cir. 5/2/14), 147 So.3d 717, 719. Thus, in light of the plaintiff's *pro se* status, we will attempt to discern the substance of her arguments and treat them as though properly raised. See Reed v. State, Dept. of Public Safety and Corrections, 2014-1468 (La. App. 1 Cir. 4/24/15), 2015 WL 1882725, at *1 (unpublished).

## DISCUSSION

The record reveals that the trial court's January 10, 2018 judgment granted the defendants peremptory exceptions raising the objections of non-joinder of a party, no right of action, and no cause of action, and further granted the plaintiff thirty days to amend her petition to cure the defects. The plaintiff failed to amend the petition within the thirty days granted by the trial court to establish a cause of action upon which relief could be granted.

Louisiana Code of Civil Procedure Article 934 provides:

> When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or **if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.**

(Emphasis added).

The decision to permit an amendment to the petition to remove the grounds for a peremptory exception under La. C.C.P. art. 934 is within the sound discretion of

4

the trial court and, therefore, will not be disturbed absent a showing of manifest error or abuse of discretion. See Harris v. Breaud, 2017-0421 (La. App. 1 Cir. 2/27/18), 243 So.3d 572, 581; Massiha v. Beahm, 2007-0137 (La. App. 4 Cir. 8/15/07), 966 So.2d 87, 89. Because the plaintiff has not sought to amend her petition in any manner, no further discussion as to the merits of her claims is required. Hospitality Consultants, LLC v. Angeron, 2009-1738 (La. App. 4 Cir. 6/9/10), 41 So.3d 1236, 1242. Thus, we find that La. C.C.P. art. 934 mandates dismissal under the facts of this case because the plaintiff failed to amend her original petition to cure the defects raised in the defendants' peremptory exceptions raising the objections of non-joinder of a party, no right of action, and no cause of action. See Branch v. Young, 2013-686 (La. App. 5 Cir. 2/26/14), 136 So.3d 343, 349-50 (where the record demonstrated that the plaintiff did not timely amend her petition prior to the time the defendant filed the motion to dismiss, thus the defendant was entitled to a dismissal); see also Batson v. Cherokee Beach and Campgrounds, Inc., 470 So.2d 478, 479 (La. App. 1 Cir. 1985) (where the record demonstrated that the plaintiff did not timely file his amended petition prior to the time the defendants filed the motion to dismiss, this court found the trial court had no discretion and the order of dismissal had to be granted).

Accordingly, based on our review of the record, we find no error in the judgment of the trial court dismissing the plaintiff's claims with prejudice.

## CONCLUSION

For the above reasons, and in accordance with the Uniform Rules of Louisiana Courts of Appeal, Rules 2–16.2A(2), (4), (6), and (8), we affirm the November 6, 2019 judgment of the trial court granting the defendants', St. Tammany Parish Government, Hon. E.L. "Gene" Bellasario, in his capacity as St. Tammany Parish Councilman, District 9, Michael A. Sevante, and Joseph A.

5

Alphonse, motion to dismiss with prejudice the claims of the plaintiff, Jacqueline Carr, individually and in her capacity as heir to Evella Faciane Carr, successor in the interest to Alfred E. Carr, Jr., and trustee for Jason Edward Carr. We assess no costs in this pauper suit.

**AFFIRMED.**